Carr *v.* Thompson.

JOHN CARR *et al.*, Plaintiffs, *against* GILBERT THOMPSON, Defendant.

(Decided June 7th, 1880.)

The defendant was employed by the plaintiffs to make purchases for them upon a commission during a series of years, a new contract being made each year, each purchase being paid for separately, and each year's business separately settled. The defendant, by making false statements to the plaintiffs as to prices paid, obtained from them, as their payments for such purchases, more than sufficient funds, and he applied the excess to his own use. After the termination of his employment and the settlement of his accounts, the plaintiffs discovered his fraudulent practices, and immediately brought an action to compel him to account and pay over to them the money so wrongfully obtained by him from them ; in which he pleaded the Statute of Limitations. *Held,* that the action could not be sustained as to transactions which had been settled between the parties more than six years previously, it being "an action upon a contract obligation or liability express or implied," within subdivision 1 of section 382 of the Code of Civil Procedure. Although an accounting and other equitable relief was demanded in the complaint, and allowed by the interlocutory judgment, the only relief that could be afforded by a final judgment would be a judgment for a sum of money, and the action was not, therefore, within the meaning of subdivision 5 of section 382, "an action to procure a judgment other than for a sum of money, on the ground of fraud," &c., in which cases, by that provision, the cause of action "is not deemed to have accrued until the discovery by the plaintiff or the person under whom he claims of the facts constituting the fraud." Nor, although a demand was in fact made before the action, was the case within the requirement of section 410, that the time within which an action may be commenced "must be computed from the time when the

right to make the demand is complete ;" since that section applies only " where a demand is necessary to entitle a person to maintain an action," and in this case the right to sue was not in any way dependent upon the demand made.

MOTION for a new trial, made at general term, upon exceptions taken on the trial of an issue of fact by the court without a jury, an interlocutory judgment directed by the decision rendered on the trial having been entered, and the further hearing before final judgment not having been commenced.

In or about the year 1862, Carr, Brown & Co., of whom the plaintiffs were the successors, commenced the employment of the defendant to buy for them in the city of New York " city horns," and agreed to pay him a commission of 2½ per cent. upon the amount of purchases made by him. This arrangement was continued for each subsequent year up to and including 1874, excepting the years 1871 and 1873. In each year a new contract was made between the parties, and each bill of horns furnished by the defendant to the plaintiffs was paid for separately by the plaintiffs, and each year's business was separately settled and paid. The defendant, for the purchases made by him, from time to time rendered statements of the amount and cost of his several purchases on account of Carr, Brown & Co., and received from Carr, Brown & Co. in money the amounts of the statements so rendered. The defendant, in his invoices and statements to Carr, Brown & Co., during some or all of these years aforesaid, reported or stated different and higher prices than he had in fact paid or agreed to pay or than were to be paid for said city horns. By this means the defendant obtained from Carr, Brown & Co. more than sufficient funds to pay for the city horns so purchased by him. Carr, Brown & Co. had no knowledge of the wrongful acts complained of in this action until the year 1878, and they never acquiesced therein. A demand having been duly made upon the defendant by Carr, Brown & Co. for him to account and pay over the amount of the charges and over-charges claimed in this action, and the defendant having refused so to do, this action was commenced on the 30th day of December,

Carr *v.* Thompson.

1878, to file such an account. The answer of the defendant denied that he was the agent of Carr, Brown & Co. and set up the defense of the six years' statute of limitation. Upon the trial at special term an interlocutory judgment for such account having been rendered, a motion for a new trial was made by the defendant at the general term.

*Homer A. Nelson,* for defendant.

*M. I. Butler,* for plaintiffs.

VAN BRUNT, J.—[After stating the facts as above.]—The only question which it is necessary to discuss upon this appeal is whether the statute of limitations applies to any portion of the transactions between Carr, Brown & Co. and the defendant. It is conceded that under the old Code the six years' statute of limitations applied, because it limited actions for relief upon the ground of fraud to that class of actions which were solely cognizable by the court of chancery; and it is conceded that the plaintiffs had a good cause of action at law for the frauds alleged to have been perpetrated upon them by the defendant, and that the jurisdiction of the court of chancery was not exclusive but concurrent (*Foot* v. *Farrington,* 41 N. Y. 164). It is then necessary to consider whether the new Code has made any change in respect to the statute of limitations as applicable to causes of action such as are set forth in the complaint in this action. Section 382 of the Code, containing the limitation of six years, applies by subdivision 5 to "an action to procure a judgment other than for a sum of money on the ground of fraud in a case which, on the 31st day of December, 1846, was cognizable by the court of chancery. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting a fraud."

It is to be noticed that the word "solely," contained in the old Code, has been omitted in the new, and we are informed by the note to the section that such change was made to meet the decision in the case of *Foot* v. *Farrington,* above men-

tioned. It seems, however, upon a careful reading of the section, that, by the change of the language in the section, the author of the Code has failed in attaining the object sought for. The language of the subdivision is: " An action to procure a judgment *other than for a sum of money*, on the ground of fraud," &c. It is urged upon the part of the defendant in this action that the sole relief which is sought to be obtained by a final judgment in this action is a judgment for a sum of money,—that no other relief can be afforded by any final judgment which is entered in this action. It is true that, under the interlocutory judgment, certain equitable relief may be obtained ; but upon the final judgment the sole relief which can be obtained against this defendant is a judgment for money.

An inspection of the complaint, and a recollection of the ordinary practice in cases of this description, both before and after the Code, show that no other final judgment could be obtained. All the equitable relief which can be given in this action is to be obtained by the interlocutory judgment, and not by the final decree. The accounting, the production of the defendant's books, are all forms of relief applicable to the interlocutory decree, and have no reference to the final judgment.

After such accounting, the prayer of the complaint is that the judgment of the court be, that the defendant pay over the amount which may be found due, and that the plaintiffs have judgment and execution therefor, together with the costs of this action. This is all the relief which possibly could be incorporated in the final judgment in this action.

It seems, therefore, that the causes of action set out in the complaint are expressly excluded by the terms of subdivision 5 of section 382. They must, then, fall within the first subdivision of section 382, which is as follows: " An action upon a contract, obligation or liability, express or implied, except a judgment or sealed instrument," must be commenced within six years. The causes of action set out in this case certainly arise upon a contract, obligation or liability, and therefore fall expressly within the terms of the subdivision above quoted.

Carr *v.* Thompson.

The causes of action arise in consequence of the violation, upon the part of the defendant, of his contract or agreement with the plaintiffs; and such contract or agreement is the sole foundation of this action.

Under these circumstances it seems to be difficult to come to any conclusion except that the six years' statute of limitation applied, and that the plaintiffs have no cause of action for any transactions which were settled by them with the defendant prior to the 30th of December, 1872.

Since the above was written our attention has been called to section 410 of the Code, as applicable to the case at bar. The section reads as follows:

" Where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete, except in one of the following cases:

" 1st. Where the right grows out of the receipt or detention of money or property by an agent, trustee, attorney, or other person acting in a fiduciary capacity, the time must be computed from the time when the person having the right to make the demand has actual knowledge of the facts upon which that right depends."

It will be observed, upon a reading of this section, that it only applies to cases where a demand is necessary to entitle a person to maintain an action.   It says, " Where a right exists, but a demand is necessary to entitle a person to maintain the action, the time within which the action must be commenced is to be computed," &c., " except in one of the following cases,"—which language clearly states that the section is to apply only to those cases where a right exists, but a demand is a requisite preliminary to the commencement of the action.

In the case at bar no demand whatever was necessary in order to entitle the plaintiff to commence this action.

It is true that a demand was made, but the right to sue was not in any way dependent upon such demand.   Without it a perfect cause of action existed; and, as a consequence, the provisions of section 410 do not apply.

The interlocutory judgment herein must be modified accordingly.

LARREMORE and J. F. DALY, JJ., concurred.

Order accordingly.