# Cases

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### December, 1900.

---

W. R. CAMPBELL, Appellant, v. JOSEPH Z. CULVER and JOHN C. CULVER, Respondents.

56    591
40 Mis³ 59

*Principal and agent — when the Statute of Limitations begins to run because of the agent's failure to pay a tax on his principal's real property — where the action is on contract section 382 of the Code of Civil Procedure does not apply.*

An agent in the charge of real property omitted within the time allowed by law to either pay the tax which had been assessed against the property of his principal or to notify the principal that the same was payable. Such omission caused no immediate injury to the principal beyond such as would have been adequately compensated by the awarding of nominal damages, but subsequently the principal was obliged to commence an action to redeem and recover her premises from the purchaser at the sale for such tax, in the prosecution of which she incurred a large expense.

*Held,* that the cause of action, if any, in favor of the principal, growing out of such omission, accrued at the time of the omission.

In such case, where the plaintiff's action is founded upon a breach of contract and not upon fraud, the provision of subdivision 5 of section 382 of the Code of Civil Procedure, declaring that in certain cases a cause of action is not deemed to have accrued until a discovery by the plaintiff of the facts constituting the same, has no application.

APPEAL by the plaintiff, W. R. Campbell, from a judgment of the County Court of Monroe county in favor of the defendants, entered in the office of the clerk of the county of Monroe on the 28th day of December, 1899, affirming a judgment of the Municipal Court of the city of Rochester in favor of the defendants.

This action was commenced in the Municipal Court of the city of Rochester on the 1st day of May, 1899, to recover damages which it is alleged were sustained by the plaintiff's assignor, Sarah A.

Fox, arising from the neglect of the defendants to perform a certain agreement entered into between them and Mrs. Fox in the year 1886.

The complaint alleges that at the times therein mentioned the plaintiff's assignor, who was a non-resident of the county of Monroe, was the owner of a house and lot situate on Elm street, in the city of Rochester, and that the defendants were engaged in the business of selling, renting and managing real estate in that city ; that some time during the year 1886 Mrs. Fox entered into an agreement with the defendants whereby, for a valuable consideration, they undertook to act as her agents in the care and management of her Elm street property, and as such to collect the rents and pay the taxes thereon, applying to that purpose such rent moneys as might from time to time be in their hands, and in case additional money should be required to pay such taxes to notify Mrs. Fox and call upon her for the necessary funds with which to pay the same in due time to save all interest and penalties thereon, and to protect her property against all such taxes and assessments as might be assessed or levied thereon by the authorities of the city of Rochester.

The complaint further alleges that in violation of their agreement, and in neglect of their duties as such agents, the defendants failed and omitted to pay certain taxes which were assessed against the premises of Mrs. Fox, or to notify her of the assessment thereof ; in consequence of which such premises were sold for taxes, and a deed or tax lease was subsequently issued by the city to the purchaser, who thereupon entered into possession of the premises ; that thereafter, and in the month of February, 1894, the plaintiff's assignor was compelled to and did commence an action in the Supreme Court to redeem and recover her premises from the purchaser at the tax sale, in the prosecution of which she incurred a large expense, and to recover the same the present action is brought.

Upon the trial in the Municipal Court the plaintiff was nonsuited. The judgment entered thereon was subsequently affirmed by the County Court, and from the judgment of the latter court this appeal is brought.

*S. D. Bentley*, for the appellant.

*Frank M. Goff*, for the respondents.

ADAMS, P. J. :

Although all of the allegations of the plaintiff's complaint are put in issue by the defendant's answer, the facts as they are above stated were clearly established; and the principal question which they present for our consideration is whether the plaintiff's cause of action, if he has one, is barred by the Statute of Limitations.

It is conceded that the present action was commenced more than six years after the defendants violated their agreement, and if the statute commenced to run when that breach occurred, manifestly it furnishes a complete defense to the plaintiff's claim. But, upon the other hand, if, as claimed by the plaintiff's counsel, the statute did not begin to run until some injurious consequences resulted from the defendants' breach, then it is equally clear that the case was improperly disposed of in the courts below, for the action to redeem was commenced, and all the expenses incident thereto were incurred, within six years immediately preceding the commencement of the present action.

We are of the opinion that this contention of the learned counsel cannot be sustained. By the requirements of the statutory law of this State an action of this nature must be commenced within six years "after the cause of action has accrued" (Code Civ. Proc. §§ 380, 382), and this period of limitation "must be computed from the time of the accruing of the right to relief by action." (Code Civ. Proc. § 415.) Consequently the simple question here presented is, When did a right of action accrue to the plaintiff's assignor? Obviously, as we think, when the defendants, in violation of their agreement, omitted, within the time allowed by law, to either pay the tax which had been assessed against the property of Mrs. Fox, or notify her that the same was payable. It is true that such omission probably caused no immediate injury beyond such as would have been adequately compensated by the awarding of nominal damages; but substantial damage is not essential to a cause of action, for, as was said in an early case, "a violation of right, with a possibility of damage, forms the ground of an action." (*Allaire* v. *Whitney*, 1 Hill, 484.)

In this case it appears that the tax which the defendants agreed to pay became due June 23, 1890, and that it was not then

paid. It follows, therefore, that the failure to pay or to take proper measures to protect their principal was a breach of the contract; that such breach created a right of action for nominal damages, if nothing more, and that if further and substantial damages subsequently accrued, they were not the result of a new or continuous breach of contract, but related back to the original breach which gave the right of action for their recovery, and but for which no such right would exist.

While no case arising under precisely the same circumstances as this has been brought to our notice, the principle to which we have just adverted is amply supported by authority.

In *Bank of Utica* v. *Childs* (6 Cow. 238) a bank notary had negligently omitted to protest a note which had been indorsed to the bank for collection by the holders. Within six years thereafter the bank was sued by the holders of the note for such neglect and compelled to pay damages. Thereafter in an action of assumpsit by the bank against the notary it was held that the cause of action arose immediately on the omission to protest; and the bank not having sued until more than six years had elapsed, the action was barred by the Statute of Limitations.

In *Argall* v. *Bryant* (1 Sandf. 98) the defendant was negligent in publishing incorrectly in a newspaper the amount of capital contributed to a partnership by a special partner. At the time of such erroneous publication no substantial damages resulted; but thereafter, and in consequence thereof, the plaintiff became liable as a general partner for the entire indebtedness of the firm. It was held that the Statute of Limitations began to run from the time when the error was committed, the court saying that the plaintiff's " right to commence a suit was totally distinct from the measure of his damages."

The last-mentioned case was cited with approval by the Commission of Appeals in *Northrop* v. *Hill* (57 N. Y. 351), which was an action brought to recover damages for fraud in the sale of certain real estate, wherein it was held that inasmuch as the action was not commenced within six years after the discovery of the fraud it was barred by the Statute of Limitations, although the damages which resulted from an eviction accrued within that period of time.

In commenting upon the *Argall* case it was said by DWIGHT,

Commissioner : "The cause of action in that case was derived. from the breach of the *implied contract*, on the part of the newspaper proprietor to publish the partnership notice with due care and diligence. That breach was complete when the newspaper containing the notice was issued. *All that subsequently followed was merely the development of the damages resulting from the original wrong.*"

Many other cases of like import in which a similar doctrine is enunciated might be cited, but we think those to which reference has already been made sufficiently demonstrate the fallibility of the plaintiff's contention.

It may be proper to suggest in this connection that the provision of the Code of Civil Procedure (§ 382, subd. 5), which declares that in certain cases a cause of action is not deemed to have accrued until the discovery by the plaintiff of the facts constituting the same, has no application here, inasmuch as the plaintiff's action is founded upon a breach of contract and not upon fraud. (*Exkorn* v. *Exkorn*, 1 App. Div. 124; *Oakes* v. *Howell*, 27 How. Pr. 145.)

As we are unable, after careful examination, to discover any way in which the plaintiff can be relieved from the unfortunate dilemma in which he is placed in consequence of his own *laches*, or that of his assignor, we are constrained to affirm the judgment appealed from.

All concurred; SPRING and LAUGHLIN, JJ., concurring in result only.

Judgment affirmed, with costs.