(96 App. Div. 319.)

CROWLEY v. JOHNSTON et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. LIMITATIONS—ACTIONS ON CONTRACT.

An action to recover damages for breach of contract in failing to record a mortgage which had been left by plaintiff with defendant for record, in which the complaint did not allege fraud, or any breach, save such as arose out of defendant's omission to comply with the agreement to record, was one for damages resulting from a breach of contract, which falls within Code Civ. Proc. § 382, subd. 3, providing that actions to recover damages for injury to property or personal injury, except when a different period is expressly provided, must be commenced within six years.

2. SAME—ACCRUAL OF CAUSE OF ACTION.

A cause of action for breach of a contract to record a mortgage accrues on the failure of defendant to record the mortgage, irrespective of the question of demand, which is not necessary to support the action, or discovery of defendant's default.

Appeal from Trial Term, New York County.

Action by Henry S. Crowley against Edward W. S. Johnston and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Charles Strauss, for appellant.
Eugene D. Hawkins, for respondents.

HATCH, J. The complaint herein avers a cause of action for the breach of a contract, in failing to record a mortgage which had been left by the plaintiff with the defendants for record. There are no averments of fraud contained in the complaint, or of any other breach, save such as arises out of the omission by the defendants to comply with their agreement to record. The action, therefore, is one to recover damages resulting from a breach of contract. Carr v. Thompson, 87 N. Y. 160. Upon the trial, plaintiff gave evidence tending to establish that he was the owner of a mortgage which was a security for the payment of $9,000; that he left the same with the defendants to be recorded on or about the 27th day of August, 1890; that at the time of leaving the mortgage he told the defendants to have the same recorded at once, and to return it to him, or keep it in their safe for him. It is admitted by the defendants that the mortgage was left with them, and that it was not recorded by them. Upon February 21, 1891, a mortgage for $25,000 was given upon the same property, was properly recorded, and thereby became a lien upon the premises prior to the unrecorded mortgage of the plaintiff. The recorded mortgage was subsequently foreclosed, and resulted in a total extinction of plaintiff's mortgage as a security upon the premises. The answer of the defendants admits that they had the mortgage in their posses-

sion until November 14, 1895, upon which date it was surrendered to the plaintiff upon his demand therefor. Defendants gave evidence tending to establish that plaintiff left the mortgage with them, with a written direction not to record the same, but to keep it until further directions were given. This written order was signed by the plaintiff, and was introduced in evidence upon the trial. The further testimony of the defendants also tended to show that upon the 16th day of March, 1891, they wrote the plaintiff, requesting to be informed if he wished at that time to have this mortgage recorded; that they received no reply from him in answer thereto. The plaintiff denied that he told the defendants to keep the mortgage unrecorded, denied that he ever signed a direction to so keep it, and also denied having received any letter from the defendants, asking if he wished to have the mortgage recorded, after it was left with them. At the close of the case the court directed a verdict dismissing the complaint upon the ground that the cause of action was barred by the statute of limitations. That defense was pleaded in the answer. It appeared that this action was not commenced until the 17th day of May, 1897.

The plaintiff, upon this appeal, contends that this ruling was error, and claims that the statute of limitations did not commence to run until he made discovery of the defendants' neglect to record the mortgage as they had been directed to do, and that such discovery was only made about two years before the commencement of this action. The contention of the appellant cannot be sustained. The case falls within subdivision 3 of section 382 of the Code of Civil Procedure, which reads, "An action to recover damages for an injury to property, or a personal injury, except in a case where a different period is expressly provided in this chapter," must be commenced within six years. It is not important whether, in technical phrase, this cause of action be deemed one for an injury to property, or for an injury to the person. In either event the statute runs, and the cause of action is deemed to have arisen, when the breach resulting in the damage occurred, and this is true whether the ultimate damage is sustained at that time or subsequent thereto. Northrop v. Hill, 57 N. Y. 351, 356, 15 Am. Rep. 501; Campbell v. Culver, 56 App. Div. 591, 67 N. Y. Supp. 469. The cases relied upon by the appellant do not apply to such a case. In King v. Mackellar, 109 N. Y. 215, 16 N. E. 201, the action was for a breach of faith or duty by an agent intrusted with the moneys of his principal for investment. It was held that such case fell within the provisions of section 410 of the Code of Civil Procedure, and a cause of action did not arise until a demand was made for the return of the money. It was at that time that the breach was committed which gave rise to the cause of action. Such case has no application to the present. Carr v. Thompson, 9 Daly, 279, affirmed on appeal 87 N. Y. 160. The other cases relied upon, bearing upon this subject, add no strength to the contention. Decker v. Decker, 108 N. Y. 128, 15 N. E. 307, was an action in fraud; and the case fell within subdivision 5 of section 382 of the Code, which provides that the statute does not begin to run until the discovery by the plaintiff of the facts constituting the fraud. In this complaint there is no averment of fraud, and none

proven. Therefore the cases relied upon have no application. Exkorn v. Exkorn, 1 App. Div. 124, 37 N. Y. Supp. 68. This cause of action arose, if at all, when the defendants failed to record the mortgage. No demand was required to enable the plaintiff to maintain an action for the recovery of damages for that breach, and the statute began to run contemporaneously with it.

Upon the merits of this case, it is quite evident that the ·plaintiff intended to subordinate the lien of his mortgage to a building-loan mortgage which it was expected would be given for $145,000. It was conceded that the original mortgage held by the plaintiff was canceled in order that the building-loan mortgage might become a first lien. The first mortgagee, however, only advanced $120,000, still leaving a sum to be raised of $25,000; and this sum, it is more than probable, was represented by the second mortgage for the $25,000, the two sums making the amount originally contemplated. As it was intended to subordinate the lien of plaintiff's new mortgage to this building mortgage, the reason is apparent why the defendants did not promptly record the plaintiff's mortgage; but, without regard to the merits, the statute of limitations is now a conclusive answer to the plaintiff's claim.

It follows that the judgment should be affirmed, with costs. All concur.