CHARLES S. SCHOLEN, as Limited Administrator with the Will Annexed of FREDERICK B. AEBLY, Deceased, Appellant, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Respondent.

Argued April 20, 1942; decided June 4, 1942.

*I. Maurice Wormser* and *Edward A. Scott, Jr.,* for appellant. By knowingly accepting, in pursuit of its calling, the sole and exclusive custody of the will and the appointment as executor, defendant was under a duty to deliver the will into the Surrogate's Court within a reasonable time after testator's death. (*Sawyer* v. *Old Lowell Nat. Bank,* 230 Mass. 342; *Rich* v. *New York C. & H. R. R. R. Co.,* 87 N. Y. 382; *Glanzer* v. *Shepard,* 233 N. Y. 236; *Lyons Bank* v. *Ocean Nat. Bank,* 60 N. Y. 278; *Hyland* v. *Paul,* 33 Barb. 241.) Defendant was not entitled to notice of testator's death as a condition precedent to the performance of its obligation to deliver the will into the Surrogate's Court. (*Vyse* v. *Wakefield,* 6 M. & W. 442; *Matter of Millbourne Mills Co.,* 165 Fed. Rep. 109; *Drew* v. *Goodhue,* 74 Vt. 436; *Traver* v. *Snyder,* 34 Misc. Rep.

406; 35 Misc. Rep. 261; *Beach* v. *Crain*, 2 N. Y. 86; *Hoes* v. *Nagele*, 28 App. Div. 374; *Lorillard* v. *Clyde*, 142 N. Y. 456; *Villard* v. *Villard*, 219 N. Y. 482; *Siegel* v. *Spear & Co.*, 234 N. Y. 479.) Defendant was under a duty to exercise a reasonable degree of care, skill and diligence in an effort to ascertain when testator died, so that it would know when to deliver the will into the Surrogate's Court. (*Bunnell* v. *Stern*, 122 N. Y. 539; *Woodruff* v. *Painter*, 150 Penn. St. 91; *Newhall* v. *Paige*, 10 Gray [Mass.], 366; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Zaepfel* v. *Parnass*, 140 Misc. Rep. 539; *Emerald & Phœnix Brewing Co.* v. *Leonard*, 22 Misc. Rep. 120; *Ouderkirk* v. *Central Nat. Bank*, 119 N. Y. 263; *Siegel* v. *Spear & Co.*, 234 N. Y. 479; *Marks* v. *Nambil Realty Co.*, 245 N. Y. 256; *Moch Co.* v. *Rensselaer Water Co.*, 247 N. Y. 160; *Wilson* v. *Wyckoff, Church & Partridge*, 133 App. Div. 92; 200 N. Y. 561; *Whalen* v. *N. Y. Elec. Co.*, 63 App. Div. 615; *Spann* v. *Erie Boatmen's Transportation Co.*, 15 Misc. Rep. 701; 157 N. Y. 694.)

*Theodore Kiendl, Otis T. Bradley* and *Andrew Y. Rogers* for respondent. The first cause of action is insufficient, for no duty to ascertain the fact of the testator's death can reasonably be implied from the facts alleged. (*Myers* v. *Exchange National Bank*, 96 Wash. 244; *Snyder* v. *Security-First Nat. Bank*, 88 Pac. Rep. [2d] 760; *Britton* v. *Elk Valley Bank*, 54 N. D. 858; *Sawyer* v. *Old Lowell Nat. Bank*, 230 Mass. 342; *O'Gara* v. *Eisenlohr*, 38 N. Y. 296; *Matter of Shupack*, 158 Misc. Rep. 873; *Brodie* v. *Cardiff Corp.*, [1919] A. C. 337.) The first cause of action is insufficient for the added reason that no duty to ascertain the fact of the testator's death is owed to the plaintiff or those on whose behalf he purports to sue. (*Seaver* v. *Ransom*, 224 N. Y. 233; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Buckley* v. *Gray*, 110 Cal. 339.) The second cause of action is insufficient. (*Avalon Constr. Corp.* v. *Kirch Holding Co.*, 256 N. Y. 137; *Bishop* v. *Hendrick*, 82 Hun, 323; 146 N. Y. 398; *Marvin* v. *Prentice*, 94 N. Y. 295.)

LEHMAN, Ch. J. The defendant made a motion pursuant to rule 106, subdivision 5, of the Rules of Civil Practice, for an order dismissing the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action. Upon that motion the court may, of course, consider only the sufficiency

of the allegations contained in the complaint. In this opinion we treat the allegations of the complaint as established facts.

The plaintiff seeks damages alleged to have been caused · to legatees named in the last will and testament of Frederick B. Aebly by the failure of the defendant, Guaranty Trust Company, to offer for probate, or at least to disclose that it was in possession of, the last will and testament of the decedent within a reasonable time after the death of the decedent or after it had notice of such death or after the death should have been known to the defendant " by the exercise of reasonable care and prudence." The decedent, in September, 1927, executed a will in which the defendant trust company was designated the sole executor and trustee. The decedent delivered the written instrument to the defendant, placing it " in the custody of the defendant for safe-keeping." The defendant accepted the custody of the instrument and retained possession of it until September, 1937, " with full knowledge that it was, or purported to be, the Last Will and Testament of the said Frederick B. Aebly, and that it was designated therein as executor and trustee thereof, and, with such knowledge, the defendant did accept such designation."

It is alleged in the complaint " that *by reason of the premises,* and particularly, by reason of the trust and confidence inherent in the trust, duties and powers conferred upon, entrusted, committed, and transferred to it by the said Frederick B. Aebly, and which it took and accepted, as aforesaid, it was the duty of the defendant to make periodical checkups and annual investigations to ascertain whether the maker thereof was dead or alive; to safely and securely keep the said instrument, and present, or cause the same to be presented for probate, upon the death of the maker thereof; upon the death of said Frederick B. Aebly, to enter at once upon the prompt discharge of its duties as executor; to offer the will for probate; to obtain Letters Testamentary; after probate, to protect the property and carry out the terms of the will; within a reasonable time after the maker's death to notify the heirs, legatees and next of kin thereof, and make known to them the existence of a will, and to protect the legatees and beneficiaries named in said will."

The decedent died on March 30, 1933. On April 6, 1933, letters of administration on the ground of intestacy were granted by the Surrogate's Court of Richmond county to the Public Administrator. In August, 1937, the defendant found the will which had been placed in its custody ten years before. The assets of the estate had then been distributed by the Public Administrator. There is no allegation in the complaint that, before that time, the death of the testator was known to the defendant, but there is an allegation that his death " was known to the defendant  *  *  *  *  *  *  or by the exercise of reasonable care and prudence, should have been known to the defendant."

The gravamen of the complaint is that the defendant owed to the testator a duty to make periodical check-ups and safely and securely to keep the will and " present, or cause the same to be presented for probate " upon the death of the maker thereof, and owed to him, also, the incidental duty to seek, by means available to it, information whether the maker is living or dead. There is no allegation in the complaint that the defendant expressly agreed to make such check-ups or to present the will for probate upon the death of the maker thereof, or to exercise any care to obtain knowledge whether or not the maker of the will was dead. The plaintiff maintains, however, that a duty arises from the relationship created by the delivery of the will to the defendant for safe-keeping and by the acceptance of the bailment by the defendant for its own profit.

Unquestionably duty may grow out of a contract even though it is not assumed by a party to the contract. " Given the contract and the relation, the duty is imposed by law." (*Glanzer* v. *Shepard*, 233 N. Y. 236, 239.) In this case, however, neither reason nor authority supports the plaintiff's contention that an implication of voluntary agreement by the trust company to produce the will for probate, even though it may not have received actual notice of the testator's death, arises from acceptance of the bailment or that from the relations created by such bailment a duty arises to exercise care to discover such death. The defendant, according to the complaint, received the will " for safe-keeping." It accepted the custody thereof. It was bound to return the instrument to its maker upon demand and perhaps after the death of the testator and upon notice

of such death, it was bound to produce the will so that it might be probated. The complaint does not show that the defendant voluntarily assumed any greater obligation and, at least in the first cause of action, the complaint alleges no facts which would permit the inference that from the bailment a broader duty arises which the law imposes, even though not voluntarily assumed by the parties. For that reason we agree with the courts below that the facts alleged in the first cause of action are insufficient to show any dereliction of duty by the defendant.

In our opinion, however, additional facts alleged in the second cause of action are sufficient to permit the trier of the facts to find the assumption of a duty by the defendant to exercise care to discover within a reasonable time the death of plaintiff's testator. There it is stated that the defendant represented, among other things:

" That in connection with its said custody department, it had a highly organized central control division which devotes much, if not all of its time, to checking obituary notices, news items in daily newspapers, law journals, Surrogate's Court records, records of the Health Department of the City of New York, and other sources of information, for information concerning the death of the maker of any will in its custody, and that such division was well equipped with facilities for obtaining such information.

" That as custodian of wills, it periodically reviews each will in its custody, and that at least once every year, an investigation or inquiry is made to ascertain whether the maker of any will in its custody is alive or dead.

" That after the testator's death, it would offer the will for probate, notify heirs, legatees and next of kin, and make known the existence of a will, and that after probate, it would execute the provisions of the will, and would protect the legatees named in the will, with a clear and definite understanding of its duties and responsibilities."

It may be that plaintiff upon the trial will be unable to show that such representations were made. If it does produce such proof a question of fact would arise whether the defendant failed in any duty arising from the contract of bailment made upon such representations and the relation created by such contract.

We do not pass upon the question whether damages resulted from such dereliction if it occurred. The order of the Appellate Division and the Special Term should be modified by providing that the motion to dismiss the second cause of action is denied, and as so modified affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.