CHARLES S. SCHOLEN, as Limited Administrator C. T. A. of the Estate of FREDERICK B. AEBLY, Deceased, Respondent, v. GUARANTY TRUST COMPANY OF NEW YORK, Appellant.

Submitted October 20, 1943; decided January 13, 1944.

*Theodore Kiendl, Otis T. Bradley* and *Russel S. Coutant* for appellant. I. The order appealed from should be reversed and the certified question answered in the negative. The controlling statute is section 48, subdivision 1, of the Civil Practice Act, which provides that an action upon a contract obligation or liability express or implied must be commenced within six years after the cause of action accrued. The present action was begun more than nine years after the alleged breach of the contract. (*New York & Boston Despatch Express Co.* v. *Carroll,* 170 App. Div. 197; *Keys* v. *Leopold,* 241 N. Y. 189; *Ochs* v. *Woods,* 221 N. Y. 335; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259.) II. Section 57 of the Civil Practice Act is inapplicable.

*Edward A. Scott, Jr.,* for respondent. I. The cause of action did not accrue until plaintiff was appointed administrator with the will annexed in February, 1941, and the Statute of Limitations did not commence to run against the claim until the issuance of such letters of administration. (*Moore* v. *Maddock,* 224 App. Div. 401; *Titus* v. *Wallick,* 222 App. Div. 17; *Seymour* v. *Mechanics & Metals Nat. Bank,* 199 App. Div. 707; Civ. Prac. Act, § 11; *Dunning* v. *Ocean Nat. Bank,* 61 N. Y. 497; *Sanford* v. *Sanford,* 62 N. Y. 553; *Bucklin* v. *Ford,* 5 Barb. 393; *Crapo* v. *City of Syracuse,* 183 N. Y. 395; *American Ry. Co.* v. *Coronas,* 230 F. 545.) II. The contract did not provide any specific time when it was to be performed. In the absence of any specific limitation of time for performance, the law provides that performance shall be within a reasonable time. What constitutes a reasonable time would be for determination upon the trial

by the jury. (*Moore* v. *Maddock*, 224 App. Div. 401; *Ahrens* v. *Guaranty Trust Co.*, 125 Misc. 443.)

LOUGHRAN, J. Plaintiff sues as limited administrator with the will annexed of Frederick B. Aebly, deceased. Guaranty Trust Company of New York is the defendant. A previous contest between the same parties in respect of the same subject matter was heretofore dealt with by this court (288 N. Y. 249). Following our decision of that appeal, the plaintiff discontinued the former controversy and commenced the present action.

This complaint like its predecessor contains two causes of action. The first cause is new to a degree and is this in substance: The last will and testament of the plaintiff's testator named the defendant trust company as sole executor and trustee and was delivered by the testator to the defendant in reliance on its promise " to use due diligence in holding said will during . the lifetime of said maker, offering the same for probate upon his death, applying for letters testamentary and entering upon the discharge of its duties as such executor, or, if, at the time of his death, it did not desire to offer said will for probate or qualify as such executor then, and in that event, to notify the legatees named therein of the existence of such will and within a reasonable time thereafter, deliver the same into the Surrogate's Court where the same could be offered for probate by any person or persons lawfully entitled to do so; " this undertaking of the defendant was ignored by it with the result that on the testator's death his estate was distributed by the Public Administrator of Richmond County to next of kin residing in the Republic of Switzerland, none of whom was mentioned in the will; thereafter the defendant made deposit of the will in the office of the clerk of the Surrogate's Court of Richmond County together with a renunciation of all right to act as the executor and trustee nominated in the instrument.

We assume in favor of the plaintiff that this first cause of action sufficiently alleges an express promise of the defendant trust company to be active in an endeavor to learn of the testator's death within a fitting time after that event should befall. Such an undertaking, express or implied, was an indispensable condition of the asserted liability of the defendant to the testator's legatees, as we held on the former appeal (288

N. Y. 249). The second cause of action states once more matters which we then held would be " sufficient to permit the trier of the facts to find the assumption of a duty by the defendant to exercise care to discover within a reasonable time the death of plaintiff's testator." (288 N. Y. 249, 254.)

On the ground that this action is barred by the Statute of Limitations, the defendant trust company moved at Special Term for dismissal of the complaint under rule 107. The motion was denied. The Appellate Division affirmed and gave leave to the defendant to present to us this question: " On the record on appeal herein did the cause of action accrue within the time limited by law for the commencement of an action thereon? "

Both causes of action come down to quite the same thing, namely, a breach by the defendant trust company of its express promise or implied duty to benefit the testator's legatees by the exercise of such diligence as would be likely to afford it timely notice of his death. The liability arose at the time of the omission by the defendant of the care it undertook to use, and not at the time this omission was found out by the beneficiaries of the defendant's duty. The loss which resulted meantime was not a new cause of action, but a measure of damages merely. (See *Northrop* v. *Hill,* 57 N. Y. 351, 355, 356; *Campbell* v. *Culver,* 56 App. Div. 591; *Crowley* v. *Johnston,* 96 App. Div. 319; *Allen* v. *Todd,* 6 Lansing, 222, 224; 19 Halsbury's Laws of England, pp. 42, 43.) The applicable limitation is the six-year period. (Civ. Prac. Act, § 48, subd. 1.)

Plaintiff's testator died on March 30, 1933. The letters of administration upon his estate that were granted to the Public Administrator of Richmond County were issued on April 6, 1933. Thereupon the fact of the testator's death became a matter of public record in the Surrogate's Court of Richmond County and would have been ascertained by the defendant had due inquiry to that end then been made. On the expiration of a not lengthy period thereafter the breach of the defendant's promise or duty became complete and the statute began to run. This action was begun on November 24, 1942, — more than nine years after the fact of the testator's death had been publicly recorded. We think the six-year statute is a bar.

The orders should be reversed and the motion to dismiss the complaint granted, with costs in all courts. The question certified should be answered in the negative.

LEHMAN, Ch. J., RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Orders reversed, etc.