Murray T. Feiden, J.
In a malpractice action brought against an attorney at law by a named devisee, who was allegedly deprived of his devise as a result of defendant’s negligence in causing plaintiff to act as an attesting witness to the execution of the will, defandant moves for judgment under subdivision 5 of rule 107 of the Rules of Civil Practice, upon the ground that the cause of action did not accrue within the time limited by law for the commencement of an action thereon. Since the argument of the motion the plaintiff has served an amended *1058 complaint. By consent of the parties it is the amended complaint, now alleging three causes of action instead of one, which the court presently has under consideration.
The first and second causes of action are grounded in negligence, while the third seeks to allege an action in fraud.
The facts are simply stated in the complaint. In January, 1953 the plaintiff and his mother engaged the professional services of the defendant to prepare a last will and testament for the plaintiff’s mother. The said will included a devise of specific real property to the plaintiff. The defendant “ negligently requested the plaintiff to be an attesting witness to the will ’ ’. Presumably at about the same time as the hiring, plaintiff did act as one of two attesting witnesses to the execution of the will. The defendant retained possession of the will thereafter, though for what purpose is not revealed. Plaintiff also alleges as negligence, in his second cause of action, that “ holding the will and not informing the plaintiff or the plaintiff’s mother ’ ’ that the devise to the plaintiff was void by virtue of plaintiff’s having acted as a witness thereto. About seven years later, in December, 1959, the mother died. The will was thereafter, in January, 1960, filed for probate in the Surrogate’s Court. It was then that plaintiff allegedly discovered that the devise to him had been voided by his having acted as an attesting witness. As a third cause of action the complaint alleges, without other supporting evidentiary facts, that the plaintiff was damaged ‘1 by reason of the deceit of the defendant in connection with the possession of the will from the time of the execution of the will to the time of the filing of the will and the defendant’s actions prior to and subsequent to the death of the plaintiff’s mother”. Under the foregoing “deceit” allegation, plaintiff demands treble damages pursuant to section 273 of the Penal Law.
On this motion plaintiff argues that no actionable wrong was committed at the time the will was drawn. He claims that ‘ ‘ the cause of action accrued only when the plaintiff suffered the actual damage ”, and that “ injury was not produced until the death of the testatrix and the filing of the will ”. Plaintiff contends, quoting from Schmidt v. Merchants Desp. Transp. Co. (270 K T. 287, 300), that a cause of action “ accrues only when the forces wrongfully put in motion produce injury”. Plaintiff’s principal argument appears to be that defendant was under a duty during the seven-year period, when he had possession of the will, “to contact the testatrix or the plaintiff and advise either of them that the will was defective, * * * that the negligence of the defendant continued during the period,” and *1059 the “ defendant’s failure to avert danger to the plaintiff’s property constituted further and continuing negligence.”
The pivotal point as raised by the motion is the timeliness of the commencement of the plaintiff’s action which was instituted by service of the summons on January 16, 1961, almost eight years after the will was prepared and executed and about one year after the death of the testatrix. That question in turn depends upon when the plaintiff’s action accrued. The defendant asserts that the action accrued when the charged negligence allegedly occurred in January, 1953 upon the execution of the will. The plaintiff urges that defendant’s negligence, by having possession of the will and by not notifying the plaintiff or the testatrix of the will’s defect, continued during the seven-year period that the will remained in defendant’s possession.
It is undisputed that an attorney employed to prepare a written instrument is responsible for any loss sustained by his client as a result of his negligence in so doing (Degen v. Steinbrink, 202 App. Div 477, affd. 236 N. Y. 669; Stein v. Kremer, 112 N. Y. S. 1087; see, also, Ann. 43 A. L. R. 932).
Concerning an attorney’s malpractice it has textually been written that “As a general rule, in the absence of fraudulent concealment, where an attorney at law is guilty of negligence or breach of duty in performing services for his client, the client’s cause of action accrues and the statute begins to run at the time when the negligence or breach of duty occurs, not at the time when it is discovered or actual damage results or is fully ascertained; and it is immaterial whether the remedy invoked is assumpsit or a special action on the case, for the gist of the action is the attorney’s breach of contract to use diligence and skill, and the subsequent damages give no new cause of action.” (54 C. J. S., Limitations of Actions, § 135, subd. c, p. 57.)
The complaint alleged a contract between plaintiff and defendant. It may be reasonably inferred from the allegations that the agreement, made also with the testatrix, required defendant to include in the will the specific devise to the plaintiff. The charge against defendant is that he ‘ ‘ negligently requested the plaintiff to be an attesting witness.” In substance, therefore, defendant is accused of having failed to use diligence and the skill required and expected of an attorney at law in the execution of the will. While no date is specified when the will was signed and attested, it may be assumed for the purposes of this motion that it was executed on or about January 30, 1953, the date when defendant was retained. Consequently the breach of duty, the negligence, occurred on that date.
*1060 While plaintiff acknowledges that defendant’s negligence took place on that date, he denies that any damage occurred at that time. In this respect the court must disagree with such conclusion and finds instead that damages did result, as related in the complaint, upon the occurrence of the defendant’s alleged negligence, at least nominally and at least equivalent to the value of the cost attendant to having a new will prepared and executed. The Statute of Limitations ‘ ‘ runs and the cause of action is deemed to have arisen when the breach resulting in the damage occurred, and this is true whether the ultimate damage is sustained at that time or subsequent thereto ” (Crowley v. Johnston, 96 App. Div. 319, 321). In the Crowley case the court held it was immaterial whether the ultimate damages were sustained at the time of such breach or subsequent thereto. The court there found that the action against the attorney accrued when he breached his agreement to record a mortgage, and not when the plaintiff discovered such breach.
In the instant situation, the court’s holding is not contrary to the law as stated in Schmidt v. Merchants Desp. Transp. Co. (supra). Actually it is in perfect harmony. The court there noted (p. 300) that “ the injury occurs when there is a wrongful invasion of personal or property rights and then the cause of action accrues.” In that case the court found that, despite the existence of negligence, no actionable wrong was committed until disease set into the lungs, not when the plaintiff inhaled the dust. If inhalation of the dust did not result in disease, the danger, from the negligence in causing plaintiff to inhale dust, would have been averted. There would have been no injury and no cause of action. In the instant situation, due to the defendant’s negligence an injury to plaintiff’s property rights arose immediately upon the voiding of the devise, and such damage was measurable at that time, though incomplete in extent.
The action for malpractice as alleged in the first cause of action had accrued upon occurrence of the negligence and not upon plaintiff’s alleged discovery of the malpractice, after the testatrix’ death (Conklin v. Draper, 229 App. Div. 227, affd. 254 N. Y. 620).
By the second cause of action, based upon defendant’s possession of the will during the seven-year period, the pleader assumes that a further duty devolved upon the attorney, to wit, the duty to inform “plaintiff or plaintiff’s mother” of the will’s deficiency. Plaintiff’s “ theory on the foreseeability of harm if such warning is not given” has no support in law (Zimmerer v. General Elec. Co., 126 F. Supp. 690, 692). The *1061 negligence having once taken place, and such negligence having allegedly been concealed from the plaintiff at the time of the occurrence, there does not appear to be any authority for imposing upon the practitioner an additional duty in connection therewith requiring him to reveal his negligence at some future date (cf. Tulloch v. Haselo, 218 App. Div. 313).
No further negligent act on the part of the defendant having been shown, the second cause of action is also barred by the Statute of Limitations.
Plaintiff in his third cause of action, after realleging the facts pertaining to the negligent execution of the will, characterizes defendant’s possession of the will as “deceit”. Aside from the objections stemming* from the conclusory nature of this portion of the pleading, there is lacking the essential elements of a common-law action for fraud and deceit, namely: representation, falsity, scienter, deception and injury (see Tulloch v. Ráselo, supra, p. 316). Plaintiff was aware of the fact that he had witnessed his mother’s will. It was that act which voided the will’s provision. It cannot be urged therefore that defendant’s possession prevented plaintiff, by deceit or otherwise, from learning the fact that he had witnessed his mother’s will. The deceit, if any, could only have occurred at the time of the will’s execution by the defendant’s breach of duty in failing to disclose to the plaintiff at that time the defendant’s negligent act and the consequences of allowing plaintiff to be an attesting witness (Benson v. Dean, 232 N. Y. 52). The use of the word “ deceit ” has not effected a change in the basic character of the action as one grounded in negligence which occurred in 1953 and is therefore barred by the Statute of Limitations. It would appear that the only purpose for adding the fraud element was to take the case without the applicable Statute of Limitations. However, that did “ not change the nature of the action.” (Brick v. Cohn-Rall-Marx Co., 276 N. Y. 259, 264; Golia v. Health Ins. Plan of Greater N. Y., 6 A D 2d 884, affd. 7 N Y 2d 931.) The gravamen of the action is still malpractice, not fraud. (Calabrese v. Bickley, 208 Misc. 407, mod. by granting leave to replead cause of action 1A D 2d 874.)
An allegation of deceit in concealing* the defect, by virtue of defendant’s possession of the will, does not preclude pleading the Statute of Limitations as a defense (Kleinman v. Lack, 6 AD 2d 1046).
If plaintiff had intended to plead a cause of action based upon “ fraud extraneous to the contract” (Brick v. Cohn-Rall-Marx Co., supra, p. 264), he has failed to include the necessary material averments to support such theory.
*1062 Even if the plaintiff had intended to plead an agreement to obtain a specific result, or to assure the effect of the legal services rendered, which is not the situation here, the action for breach of contract would be barred by the six-year Statute of Limitations (Glens Falls Ins. Co. v. Reynolds, 3 A D 2d 686).
Motion is granted dismissing all three causes of action, with leave to plaintiff if so advised to replead within 20 days after service of a copy of the order to be entered hereon with notice of entry.