**FORT MYERS SEAFOOD PACKERS, INC., Plaintiff,**

v.

**STEPTOE & JOHNSON et al., Defendants.**

**Civ. A. No. 1772-65.**

United States District Court
District of Columbia.

April 25, 1966.

Raymond W. Colton, Washington, D. C., Edwin M. Slote, New York City, pro hac vice, for plaintiff.

Frank F. Roberson, and Stephen S. Boynton, Washington, D. C., for defendants.

GASCH, District Judge.

This cause came on for hearing on defendants' motion for summary judgment. Defendants contend that the action in the instant case is barred by the three-year statute of limitations. It appears that the essential facts are as follows: Defendant is a partnership engaged in the general practice of law within the District of Columbia, and I. Martin Leavitt is a partner therein. On May 16, 1962, after consultation with and upon the direction of one of defendant's clients, defendant forwarded at the request of his client to plaintiff a draft of a proposed contract to be used in connection with a business venture between plaintiff and a third party in Venezuela. Paragraph Thirteen of this draft contract stated: "Neither the laws of Venezuela nor the provisions of this Contract requires or contemplates any change in the present American registry of the boat(s)." Plaintiff agreed on the terms of the proposed contract and in July, 1962, caused its fishing boats to be within the

territorial waters of Venezuela. The contract, however, was never signed by the other party thereto. Thus, it appears that plaintiff did not regard the signed contract essential to the sending of his boats to Venezuelan waters. On or about July 25, 1962, the boats were impounded by the authorities of the Venezuelan Government for failure to possess the proper registry.

It is clear that plaintiff never retained Steptoe & Johnson to perform any legal services. There is no factual basis for concluding that the relationship of attorney and client in the formal, or even the usual, sense existed between these parties. The record reflects that one Mogelberg, a New York importer of seafood who was a client of Steptoe & Johnson, suggested to plaintiff that it and a Venezuelan corporation enter into a contract, the objective of which was to cause plaintiff's fishing boats and those whose availability it might secure to go to Venezuelan waters for the purpose of fishing for shrimp. The Venezuelan corporation would process the shrimp and subsequently sell the finished product to Mogelberg. The contract related solely to the relationship between the shrimp fisher and the Venezuelan processor. Mogelberg instructed Steptoe & Johnson to utilize as a form for the contract a contract previously drawn up between other parties somewhat similarly situated and which related to Colombian waters. He also requested Steptoe & Johnson to check the matter out at the Maritime Administration and to see to it that all regulations of that body were complied with.

There is no dispute but that these matters were discharged by Steptoe & Johnson. Thereafter, Mogelberg requested Steptoe & Johnson to modify the original Colombian contract in certain respects. This was done. Plaintiff now complains that Steptoe & Johnson did not ascertain from Venezuelan sources, or otherwise, whether plaintiff's fishing boats could fish for shrimp in the territorial waters of Venezuela while flying the American flag and being under American registry.

It is undisputed that defendants did what they were asked to do by their client, Mogelberg. Insofar as the record is concerned, plaintiff never retained any counsel to review the contract prepared for it by Mogelberg's counsel.

For the purpose of defendant's motion, the essential issue is the date on which the cause of action arose. Defendant urges that such date should be May 16, 1962, when plaintiff received the contract containing Clause 13. Plaintiff, on the other hand, urges that the date should be July 25, 1962, the date of the impounding of the boats. After consideration of the pertinent authorities, the Court is of the opinion that defendant's position is correct and its motion for summary judgment should be granted.

■■ The general rule is that, in the absence of fraudulent concealment, an action against an attorney for breach of duty in performing services or for negligence arises at the time when the breach of duty or negligence occurs, not at the time when it is discovered or when actual damage results. Wilcox v. Plummer, 29 U.S. (6 Pet.) 172, 7 L.Ed. 821 (1830); 54 C.J.S. Limitation of Actions § 135c. A comparable situation occurred in Griffith v. Zavlaris, 215 Cal.App.2d 826, 30 Cal.Rptr. 517 (1963), wherein an attorney negligently failed to advise his client as to the applicability of a securities regulation which required the obtaining of a permit. The Court held that the cause of action arose at the time when the misadvice occurred, rather than the date when the alleged negligence was discovered. Similarly, in Goldberg v. Bosworth, 29 Misc.2d 1057, 215 N.Y.S.2d 849 (1961), wherein it was alleged that an attorney had failed to use proper diligence and skill, that Court also held that in the absence of fraud, the statute of limitations began to run when the alleged breach of duty occurred regardless of the time when ultimate damage was sustained. Although no case in this jurisdiction has expressly considered the point, there is *dicta* in a very early case, Campbell v. Wilson, 13 App.D.C. (2

Mackey) 497, 499 (1883), which could call for application of the general rule:

"It may be doubted whether the law of trusts applies to the case of money collected by an attorney for his client, because that money is not intended to be held in trust, but to be paid over promptly; so that from the moment the attorney fails to turn it over a cause of action arises."

The Court is of the opinion that the reasoning in *Griffith* and *Goldberg*, as they apply the general rule, is correct. Therefore, the Court concludes that the statute of limitations in the instant case began to run on May 16, 1962, and since the instant action was not filed until July 22, 1965, it is not timely. The Court notes that a general averment of fraud, such as the one found in this complaint, does not dictate an opposite conclusion, for this case is one of alleged malpractice alone and the pleadings reflect none of the necessary elements of a cause of action for fraud. See Goldberg v. Bosworth, supra.

Defendant's motion for summary judgment is granted. Counsel will prepare an appropriate order.