■ KRONOS, INC., Formerly Known as NL CHEMICALS, INC., Respondent, v AVX CORPORATION, Appellant, et al., Defendant.—Order unanimously reversed on the law without costs, motion granted and third and fourth causes of action dismissed. Memorandum: Plaintiff's predecessor was the original owner of certain "Multilayer Capacitor Patents" (Patents). In 1974, plaintiff granted Corning Glass Works (Corning) a license covering some or all of the Patents (Corning License). In 1979, plaintiff's predecessor sold its ceramics operations to four related purchasers including TAM Ceramics, Inc. (TAM). The sale included the Corning License and TAM agreed to pay plaintiff, under certain conditions, one half of the royalties that it received from Corning. TAM was required to notify Corning if it proposed to offer the rights covered by the Corning License to a third party and, if TAM extended a more favorable use rate to that third party, Corning was to be afforded an opportunity to meet the more favorable rate.

On December 13, 1984, TAM, pursuant to an agreement, granted AVX Corporation (AVX), a competitor of Corning, a nonexclusive license (AVX License) to use the Patents, including those Patents covered by the Corning License, at a more favorable use rate. TAM neither notified Corning about the AVX License nor offered Corning equivalent favorable terms. In November 1987, AVX acquired that part of Corning's business that used the Corning License. AVX, however, did not assume Corning's obligation to pay royalties to TAM.

On March 22, 1988, Corning told TAM that because of the sale to AVX it would not pay royalties to TAM under the Corning License. TAM then ceased making those royalty payments to plaintiff and has declined to share the royalty payments that TAM receives from AVX under the AVX License.

Plaintiff, in an amended complaint, asserted causes of action against AVX for tortious inducement of breach of contract and intentional infliction of economic harm. AVX sought dismissal of those causes of action on the ground that they were time-barred (see, CPLR 3211 [a] [5]). Supreme Court denied AVX's motion. The sole issue presented is whether plaintiff's causes of action asserted against AVX are barred by limitations of time.

Supreme Court erred in denying AVX's dismissal motion. The causes of action asserted against AVX are governed by a three-year Statute of Limitations (see, CPLR 214 [4]) and accrued when the contract was breached (see, *Fourth Ocean*

*Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 42; *Kassner & Co. v City of New York,* 46 NY2d 544, 550).

We conclude that the breach occurred and the action accrued on December 13, 1984, when TAM granted the AVX license. The Statute of Limitations, therefore, commenced to run on that date. In *West 90th Owners Corp. v Schlechter* (137 AD2d 456, 458), the court stated that "[t]he representation as to the terms of the restaurant lease was false when made. Thus, the breach occurred at the time of *the execution of the contract.* While plaintiff presumably could not have sought damages for the loss of 1987-1995 increased rent until it took title in 1981, it could have sued for rescission in 1979 or 1980. Thus, at the time of breach plaintiff had a remedy" (emphasis supplied). "Although no cause of action can arise until the contract is broken, where the contract is broken there is a remedy against the party breaking it, as a cause of action for at least nominal damages arises upon the breach of a contract" (22 NY Jur 2d, Contracts, § 371; *see, Finley v Atlantic Transp. Co.,* 220 NY 249, 258). We reject plaintiff's argument that it had no cause of action against AVX until March 1988, when it no longer received royalty payments pursuant to the Corning License.

In *Campbell v Culver* (56 App Div 591), an agent in charge of real property omitted, within the time allowed by law, either to pay the tax which had been assessed against his principal or to notify the principal that the same was payable. The principal, some years later, was obliged to pay substantial sums to redeem the property from a purchaser at a tax foreclosure sale. With regard to the issue of whether a cause of action accrued when a breach occurred but no substantial damages were sustained, this Court wrote: "[T]he simple question here presented is, When did a right of action accrue to the plaintiff's assignor? Obviously, as we think, when the defendants, in violation of their agreement, omitted, within the time allowed by law, to either pay the tax which had been assessed against the property of Mrs. Fox, or notify her that the same was payable. It is true that such omission probably caused no immediate injury beyond such as would have been adequately compensated by the awarding of nominal damages; but substantial damage is not essential to a cause of action, for, as we said in an early case, 'a violation of right, with a possibility of damage, forms the ground of an action.' *(Allaire* v. *Whitney,* 1 Hill, 484.)" *(Campbell v Culver, supra,* at 593.)

Accordingly, AVX's dismissal motion should have been granted. (Appeal from Order of Supreme Court, Erie County,

Fallon, J.—Dismiss Causes of Action.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.