NEVERFAIL LIGHTER COMPANY, INC., Respondent, *v.* JULIUS BLUM, Doing Business under the Trade Name and Style of JULIUS BLUM & COMPANY, Appellant.

First Department, May 5, 1922.

Sales — action to recover damages for breach of contract to manufacture and sell — no time specified in contract for performance — plaintiff not required, as condition precedent to maintenance of action, to fix time for performance — damages — measure of damages — special damages cannot be recovered under allegation of general damages only.

It is not a necessary condition precedent to the maintenance of an action by a buyer to recover damages for a breach of contract to manufacture and sell goods, where the contract does not specify any time for performance, that the buyer shall, before commencing the action, fix a time within which the contract must be performed and so notify the seller; that would be necessary only in case the buyer sought to rescind the contract.

*It seems*, that the measure of general damages which the buyer might recover would be the difference between the contract price at which the seller agreed to manufacture the goods and the market price thereof, but as it appeared that there was no market price, the measure of damages would have been the value of the goods to the buyer.

Special damages, if claimed, must be pleaded and cannot be proven under an allegation of general damages, and, therefore, it was error for the court to admit in evidence over defendant's objection proof of special damages claimed to have been suffered by the plaintiff.

APPEAL by the defendant, Julius Blum, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 22d day of June, 1920, denying defendant's motion for a new trial made upon the minutes.

*Paskus, Gordon & Hyman* [*Arthur B. Hyman* of counsel], for the appellant.

*Holmes, Rogers & Carpenter* [*Charles P. Rogers* of counsel], for the respondent.

LAUGHLIN, J.:

The plaintiff, a domestic corporation, brought this action against the defendant, who was engaged in business in the city of New York under the trade name of Julius Blum & Company, to recover damages for his breach of a contract in writing made by the parties on the 12th of October, 1916, by which the defendant agreed to manufacture and deliver to the plaintiff 10,000 " Never-

fail " lighters; the contract was evidenced by a letter from the plaintiff to the defendant and his letter in reply. The plaintiff's letter is as follows:

" Neverfail Lighter Company,
" Inc.,
" 168 West 23rd Street.
" New York City, N. Y.
" Messrs. Julius Blum & Co.,
" New York City, N. Y.:

" Gentlemen.— Kindly enter our order for Ten thousand (10,000) neverfail lighters, as per sample submitted to you and estimated on by you. Same to be made of steel, copper and nickel plated, highly polished. Price Forty cents ($.40) per piece F. O. B. Buffalo, N. Y. We are to furnish to you, at our expense, the necessary fire-stones, boxes and wicks in order to enable you to make prompt delivery.

" We are to pay you the sum of Eight hundred and forty-nine Dollars ($849) as our share of the cost of making the necessary dies to manufacture and assemble the individual parts composing the complete lighter. These dies are our property and are to remain in your possession as long as you continue to manufacture the Neverfail Lighter for us at Forty cents ($.40) a piece. It is understood and agreed that you will reduce the price on subsequent orders in proportion to a decline of material and labor. We, on the other hand, agree to pay on probable future orders a higher price, if the increase in the cost of making the lighters should warrant a corresponding advance.

" The lighters are to be stamped on two (2) prominent parts, namely the bottom of the tray and on the neck of the lighter:— neverfail lighter, patented; harry hess & company, n. y., sole agents.

" The lighters are to be packed one (1) in a box and are to be billed to us when ready for delivery. Terms 30 days net or 10 days 2% discount.

" In accepting this order, you expressly agree that you are not to manufacture, or to undertake to make or deliver, for anyone else but the Neverfail Lighter Company, Inc. (or as instructed by them), any lighter infringing on the patented parts of the Neverfail Lighter. You agree furthermore that you will pay to the Neverfail Lighter Co., Inc., for each and every lighter sold by you contrary to this part of this agreement the sum of Two Dollars ($2) which is hereby fixed as liquidated damages and not as a penalty. We, on the other hand, agree to hold and save you harmless from and against all and every demand or demands of

any kind for the use of any patented invention, article or appliances that have been or may be adopted or used in the construction of any of the material or articles called for on this order.

" It is furthermore understood that you start working immediately on this order and that you complete delivery as speedily as possible.

" We herewith beg to inclose our check for Eight Hundred and Forty-nine Dollars ($849) for dies as mentioned above.   In accepting this check you agree to all points as outlined and you express your willingness to carry out the terms of this contract.

" Yours truly,

" NEVERFAIL LIGHTER COMPANY, INC."

The defendant replied as follows:

" JULIUS BLUM & Co.

" 510–512 W. 24th Street

" NEW YORK, <em>October 12th</em>, 1916.

" Mr. HARRY WOLFF, Pres.,
  " Neverfail Lighter Co., Inc.,
    " New York City:

" DEAR SIR.— We are in receipt  of  your  check for $849.00 together with signed contract for 10,000 Lighters and beg to thank you for same.

" You probably overlooked to return to us the signed personal guarantee and we would feel greatly obliged if you would let us have same at your earliest convenience.

" Hoping that you will let us hear from you regarding the boxes, wicks, etc., we are,      " Yours very truly,          .

" JB/S                JULIUS BLUM & CO."

The plaintiff alleges due performance of the contract on its part and that it was at all times ready and willing to receive and pay for the lighters according to the contract, and that a reasonable time for the manufacture and delivery thereof has elapsed, and that the defendant has failed, refused and neglected to manufacture and deliver any part of them, to the plaintiff's damage in the sum of $25,000, for which amount it demands judgment.   The answer puts in issue the allegations charging defendant with default in the performance of the contract, and pleads certain facts as two separate defenses and counterclaims.   In the first it is alleged that performance of the contract involved an initial expense by the defendant for tools, machinery and raw material wholly out of proportion to his return under the contract, and that it was understood and agreed that he should receive further orders to

enable him to realize the initial expenses in addition to profits; that he duly performed the contract on his part, excepting in so far as performance was interfered with and delayed by plaintiff in demanding and making changes in the sample and specifications, and in the manner of performing the work, and in refusing to approve lighters manufactured in accordance with plaintiff's specifications and instructions; that defendant duly manufactured and delivered certain of the lighters, but plaintiff refused to accept them or any further lighters manufactured in accordance with its instructions; that defendant expended large sums of money for tools, machinery and raw materials, which have no value except in connection with the manufacture of the lighter, and has been ready, willing and able to manufacture and deliver lighters in accordance with the contract; but plaintiff has refused to accept performance to the defendant's damage in the sum of $10,000. In the second separate defense and counterclaim these facts are realleged, and it is further alleged that defendant sustained damages in the sum of $15,000 in expenditures in attempting to perform the contract and owing to plaintiff's failure to perform on its part and to place further orders with the defendant as agreed. The reply puts in issue the material allegations of the counterclaims.

It will be observed that no time is specified in the contract for performance thereof by defendant. The evidence shows that plaintiff's " Neverfail " lighter was a new invention which it had patented, but it had not been manufactured or placed on the market; that the sample with respect to which the contract was made was made by hand; that it was contemplated that the lighters could be made by machinery, but after many attempts to make them by machinery, in which the plaintiff participated by providing machinery, furnishing the services of the inventor and advising, no practical way of making them precisely like the sample or satisfactory to the plaintiff by machinery was found; and it was determined that it would be necessary to make part of each lighter by hand in order accurately to duplicate the sample and produce a satisfactory lighter. These efforts and experiments extended over the period from the making of the contract until the spring of 1918, when litigation arose between the plaintiff's sales agent and it, owing to its failure to make deliveries, and between the defendant and the company he employed to manufacture the lighters. The plaintiff repeatedly throughout this period complained to the defendant, and to the company employed by him to fill the order, of the delay in the manufacture and delivery of the lighters; but it gave no notice to the defendant fixing a reasonable time within which it required him to perform the contract.

The first point presented by appellant is predicated on this failure on the part of the plaintiff to fix a time for performance, thus making time the essence of the contract. It is well settled that such a notice would have been a necessary condition precedent to the right of the plaintiff to rescind the contract (*Brede* v. *Rosedale Terrace Co.*, 216 N. Y. 246; *Taylor* v. *Goelet*, 142 App. Div. 467; affd., 208 N. Y. 253; *Trainor Co.* v. *Amsinck & Co., Inc.*, 199 App. Div. 693); but plaintiff has not assumed to rescind. On the contrary, it bases this action on the contract and seeks to recover damages for the defendant's failure to perform his obligations to manufacture and deliver the lighters within a reasonable time, and on that theory, I think, it could maintain the action without giving the notice which would have been necessary for a rescission. (*Brede* v. *Rosedale Terrace Co.*, *supra; Taylor* v. *Goelet*, *supra.*)

The plaintiff, however, alleged general damages only, but was allowed to prove special damages over the defendant's objection and exception duly taken that they were not pleaded; and the recovery was wholly for special damages, and, therefore, the judgment cannot be sustained. (*Shepman Mortgage & Realty Corp.* v. *Sussman*, 147 App. Div. 25.) Ordinarily general damages on the facts here pleaded would be measured by the difference between the contract price at which the defendant agreed to manufacture the lighters and the market price thereof; but the evidence shows that these lighters had not been sold and were not being sold on the market, and, therefore, there was no market price, and in such case the rule of damages laid down by this court in *Ideal Wrench Co.* v. *Garvin Machine Co.* (92 App. Div. 187; affd., 181 N. Y. 573) would have been the value of the lighters to the plaintiff, by which I infer is meant what it could have sold them for. None of the damages for which recovery has been had is for the difference between the contract and the market price or between the contract price and what the lighters could have been sold for by the plaintiff. The evidence with respect to the plaintiff's damage, which was left to the jury, consists of items of expenditures made by the plaintiff for dies and a machine which remained its property, for material and for expenses of the inventor in attending the plant where the defendant was attempting to have the lighters manufactured, and for the services of the inventor for a period of seven months in endeavoring to assist in the manufacture of the lighters, and the salary of the president of the plaintiff at $30 per week from October 12, 1916, to June 1, 1918. The verdict was for $1,260 less than the total amount of these items. One-half of the item for the salary of the president of the plaintiff is precisely $1,260, and it is conceded, although the record does not show it, that the verdict

was rendered on that theory. Since none of those items was pleaded as special damages, the right of the plaintiff to recover thereon on the theory that they are special damages is not presented for decision and no opinion is expressed thereon.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

Clarke, P. J., Dowling, Page and Merrell, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.