## FOURTH DEPARTMENT, JUNE, 1922.

GLOBE ELEVATOR COMPANY, Appellant, v. THE AMERICAN MOLASSES COMPANY
OF NEW YORK, Respondent.

*Sales — action against seller for failure to deliver — complaint supplemented by bill
of particulars and opening statement of counsel makes out cause of action —
cannot be said as matter of law that reasonable time to deliver had not expired —
plaintiff not bound to fix specific time for delivery.*

Appeal from a final judgment of the Supreme Court, entered in the Erie county
clerk's office on the 24th day of January, 1922, and also from an order entered
on the 19th day of January, 1922.

PER CURIAM: We are of opinion that the complaint as supplemented by the
bill of particulars and opening statement of counsel makes out a cause of action.
We decline to pass upon the effect of the various letters and telegrams set forth
in the bill of particulars without knowing their contents, or upon the oral con-
versations not set forth. But assuming that the defendant had a reasonable
time to deliver the molasses after the seventeenth of August, we think it cannot
be held as a matter of law that such reasonable time had not expired before the
commencement of the action. Nor was it necessary, in making the various
demands, for the plaintiff to fix a specific time for the delivery of the molasses.
(*Neverfail Lighter Co., Inc.,* v. *Blum,* 201 App. Div. 153.) The judgment and
order should be reversed and a new trial ordered, with costs to the appellant to
abide the event. All concur. Judgment and order reversed and new trial granted,
with costs to appellant to abide event.

---

CATHERINE LYNOTT, as Administratrix, etc., of PETER LYNOTT, Deceased,
Respondent, v. GREAT LAKES TRANSIT CORPORATION, Appellant.— Order denying
motion to correct judgment in respect to interest reversed, with ten dollars costs
and disbursements, and motion granted, with ten dollars costs. All concur.

EGBERT H. DUDLEY and Another, Respondents, v. EVELINA B. PERKINS and
Others, as Executors, etc., of GEORGE W. PERKINS, Deceased, Appellants.—
Judgment and order denying motion for new trial reversed and new trial granted,
with costs to appellants to abide event, upon questions of law and fact, unless
the plaintiffs shall, within ten days, stipulate to reduce the recovery by deducting
therefrom the sum of $275 with interest thereon from January 30, 1918, to the
date of rendition of the verdict, in which event the judgment is modified accord-
ingly and, as so modified, affirmed, together with the order, without costs of this
appeal to either party, except that the order granting an additional allowance
of costs is reversed and the amount thereof deducted from the judgment. Held,
that the evidence fairly shows that the plaintiffs did not use reasonable effort
and diligence to sort, load and ship the Hathaway and Stamp potatoes and that
the defendants are entitled to recover the difference between the contract price
and the value thereof, viz., twenty-five cents per bushel on 1,100 bushels which
amounts to $275. Further, that the case was not difficult and extraordinary
within the rule adopted by this department.* All concur; Clark, J., not sitting.

---

* See Code Civ. Proc. § 3253; now Civ. Prac. Act, § 1513.— [REP.