In the Matter of a Proposal or Plan of MORTGAGE COMMISSION OF THE STATE OF NEW YORK to Exercise Certain of Its Limited Powers with Respect to a Certain Mortgage Covering Premises Known as No. 11 West Prospect Avenue, City of Mount Vernon, County of Westchester, State of New York, Securing Mortgage Investments Issued and Guaranteed by WESTCHESTER TITLE AND TRUST COMPANY and Designated as Mortgage No. 9323–9324 of Such Company. HURLBERT McANDREW, as Committee of the Property of WINTON T. FAIRCHILD, an Incompetent Person, Appellant; MORTGAGE COMMISSION OF THE STATE OF NEW YORK, OLIVER W. BIRCKHEAD, JULIAN B. BEATY, GEORGE H. HEILMAN, as Successor Trustees under the Above Described Plan of Reorganization No. 2685, Respondents.— Order made the 20th day of December, 1937, resettling order made the 30th day of April, 1937, and denying motion of appellant to compel trustees to comply with the provisions of order dated and entered April 30th, 1937, with respect to fixing and realizing the value of a mortgage investment, reversed on the law, with ten dollars costs and disbursements, motion for resettlement denied, and motion to compel trustees to comply with the provisions of the order of April 30th, 1937, granted, with ten dollars costs. In the order of April 30, 1937, specific provisions were embodied relating to the protection of dissenting holders of mortgage investments. Under the guise of resettlement, the order of December 20, 1937, substitutes for such detailed provisions a different set of provisions. This constituted a material change of decretal provisions of the original order and could not be accomplished by way of resettlement. (2 Carmody's New York Practice, § 953, p. 816; *Ruland* v. *Tuthill*, 187 App. Div. 314; *Simmons* v. *Simmons*, 32 Hun, 551, 556; *Matter of Home Title Ins. Co.*, 256 App. Div. 999.) Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.

In the Matter of the Estate of ELLA J. PIERSON, Deceased. LeROY E. DORN, Appellant; JENNIE DUNCAN, as Executrix, etc., of ELLA J. PIERSON, Deceased, Respondent.— In so far as appealed from, supplemental decree of the Surrogate's Court of Dutchess county adjudging that certain household furniture and personal property in the possession of one Dorn was owned by the decedent and directing Dorn to turn over the same to decedent's executrix unanimously affirmed, with costs, payable by appellant. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

In the Matter of the Administration of the Goods, Chattels and Credits of GEORGE REMLINGER, Late of 59–33 59th Street, in the Said County of Queens, Deceased. CHARLES F. REMLINGER, Appellant; ANNA REMLINGER, Respondent.— Decree of the Surrogate's Court, Queens county, granting respondent's application for letters of administration and dismissing objections based on the allegations that respondent had abandoned the deceased, unanimously affirmed, with costs to respondent, payable out of the estate. By his failure to offer proper objection, the appellant acquiesced in the reception of respondent's testimony as to personal transactions with the deceased. The conclusion that there was no abandonment was supported by the evidence. Present — Hagarty, Carswell, Adel, Taylor and Close, JJ.