CIRCLE FLOOR Co., INC., Respondent, *v.* E. TOTONELLY SONS, INC., et al., Appellants.

First Department, June 30, 1953.

*Joseph Feldman* of counsel (*Herbert M. Rosenberg* with him on the brief; *Rosenberg & Rosenberg,* attorneys), for appellants.

*Daniel J. Riesner* of counsel (*Julian Jawitz* and *Richard I. Donner* with him on the brief; *Daniel J. Riesner,* attorney), for respondent.

BERGAN, J. Defendants presented a merely colorable defense to plaintiff's motion for summary judgment and the Special Term was of opinion, rightly we think, that a true issue for

trial had not emerged from all the papers read on this motion. Judgment was granted accordingly.

Defendant Totonelly was a general contractor for defendant Carobene in the construction of an F. H. A. (Federal Housing Administration) apartment project. Plaintiff had a subcontract with Totonelly to install wooden and composition tile floors at a price of $28,350 to be satisfied by progress payments.

On April 30, 1952, plaintiff had done work of the value of $21,000. No progress payments whatever had been made and a mechanic's lien for the amount due was filed by plaintiff.

Totonelly thereupon delivered to plaintiff two notes totalling $21,000, the first for $10,000 payable June 11th; the second for $11,000 payable June 28th, and agreed '' that in the event that we fail to pay the note due June 11th, you may enter judgment on the lien.'' The first note was paid in installments after its due date; the second note of $11,000 was never paid.

Plaintiff did further work under its contract in the sum of $7,354.37 which became due July 28th, and Totonelly, the owner Carobene, and Seaboard Surety, entered into an undertaking, absolute in terms, to pay the $7,354.37 within a stated time. This obligation was not met and the court is unanimously of opinion that plaintiff is entitled to summary judgment against defendants on this claim.

The difference in views here arises as to whether plaintiff is also entitled to summary judgment for the balance of the amount due described in the mechanic's lien of May 16th and admitted to be due by Totonelly both by written statement and by the note for $11,000 payable July 28th.

The instrinsic merits of the obligation themselves are quite as much uncontested here by the defendants as the merits of the written obligation to pay $7,354.37. One is quite as absolute as the other. The defense does not turn on any difference between them, but rather on offsets against the plaintiff for purported breaches of contract which would be available, if at all, to reduce either form of obligation.

The crucial question, therefore, is whether defendants show any basis for their claim that there is a triable issue on plaintiff's purported nonperformance entitling it to be treated as an offset against plaintiff's causes of action.

On this defendants make no showing of substance. The affidavits in opposition merely skim through perfunctory and conclusory words of defense. Totonelly's vice-president states that '' it became evident '' in December, 1951, that the installa-

tion of wood floors " was being improperly done ". This is not a relation of fact; it is the description of a point of view.

The affidavit continues that defendants by a " projects manager " wrote a letter in which " the following protests were made ". Again this is not proof of any fact of the manner of performance but a description of a written assertion. No denial is made of the agreement to pay in full in May, 1952, many months after the correspondence, and the general description of a " violation of the contract " being " discovered " in September, 1952, arising from the thickness of the tile material, and the " discovery " that floors " throughout the project " were " buckling " is in the same class both as to generality and the absence of all precision.

What is a " discovery " and what is a " violation of the contract " are subjective matters which can mean quite different things to different men. But whatever else they may be, they are not proof of facts sufficient on this record to show a triable issue.

No damage to the defendant contractor is shown; it is shown on the contrary that the final payment of the mortgage amounting to over a million dollars was made on September 2, 1952, after certification to F. H. A. that all the work had been done in accordance with specifications. No expenditure or other loss has been shown from these purported defects in plaintiff's performance thus roughly set out in opposition to plaintiff's motion.

The court in granting this motion did so without prejudice to the assertion of any cause of action against plaintiff which defendants may be advised to assert by separate action. We regard this as an adequate evaluation of any possible residual question that could remain to be asserted.

After the granting of summary judgment defendants moved the Special Term for a reconsideration of its decision. The affidavit of Totonelly's vice-president in this respect seems to us an admission of a failure to assert in the first place any substantial ground of opposition to the original motion, since he states that " the evidentiary facts " he was newly submitting " should have been submitted " before.

The refusal of the court to reconsider its decision, or to act favorably on the grounds then asserted to excuse an adequate presentation showing a triable issue, we regard as wholly discretionary and not ordinarily reviewable here. If it were reached on the merits we would still think that no good ground to disturb the judgment had been shown.

The orders appealed from should be affirmed, with $20 costs and disbursements.

Dore, J. P., and Callahan, J., concur; Cohn and Breitel, JJ., dissent in part and vote to modify the order appealed from by granting summary judgment for $7,354.37 as to the second cause of action, and otherwise reverse, and deny summary judgment as to the first and third causes of action on the ground that there are triable issues of fact.

Orders affirmed, with $20 costs and disbursements to the respondent.