■ GLENS FALLS INSURANCE COMPANY, Plaintiff, v. JOHN O. REYNOLDS, Individually and Doing Business as REYNOLDS LUMBER COMPANY, Defendant, and Third-Party Plaintiff-Appellant. LEONARD PAQUET et al., as Copartners Doing Business as ALBERT GAUTHIER LOGGING COMPANY, Third-Party Defendants, and JAMES CURRY, Third-Party Defendant-Respondent.— Appeal from an order of Special Term, Supreme Court, Warren County. The third-party complaint, which has been dismissed at Special Term on the ground the Statute of Limitations has run, states a cause of action against a lawyer arising out of his professional retainer by third-party plaintiff to perform legal services. It pleads both a breach of specific contract and negligence in the performance of the professional service when the allegations are read favorably to the pleader. The client may elect to proceed on either the theory of breach of contract or in tort. (*Church* v. *Mumford,* 11 Johns. 479; *Hamilton* v. *Dannenberg,* 239 App. Div. 155; *O'Neil* v. *Gray,* 30 F. 2d 776; *Crowley* v. *Johnston,* 96 App. Div. 319.) But the applicable Statute of Limitations would depend on the nature of the breach. Carelessness resulting in professional miscarriage, in the absence of agreement to obtain a specific result or to assure against miscarriage, would usually be governed by the three-year Statute of Limitations for negligence. (Civ. Prac. Act, § 49, subd. 6; cf. *Webber* v. *Herkimer & Mohawk St. R. R. Co.,* 109 N. Y. 311, with *Blessington* v. *McCrory Stores,* 305 N. Y. 140 and with *Dentists' Supply Co. of New York* v. *Cornelius,* 281 App. Div. 306, affd. 306 N. Y. 624.) But if there was an agreement to obtain a specific result, or to assure the effect of the legal services rendered, the six-year Statute of Limitations in contract may apply (Civ. Prac. Act, § 48, subd. 1; *Robins* v. *Finestone,* 308 N. Y. 543). Since both theories are sufficiently pleaded on their face, on a motion based on the pleading alone we are not able accurately to apply the appropriate Statute of Limitations. The moving party did not proceed under subdivision 6 of rule 110, where he would be entitled to use affidavits, but answered and moved under rule 112 for judgment on the pleadings. Decision on which is the appropriate Statute of Limitations should await a plenary examination of the facts relating to the nature of the professional undertaking by the third-party defendant. It is not entirely clear from the pleading when the cause of action accrued and this question should also be examined and determined; if the cause accrued when the services were rendered the three-year Statute of Limitations had run before the action was commenced. The order and judgment are reversed and

the motion denied without prejudice to a renewal of the motion upon the trial, with costs to appellant to abide the result. Foster, P. J., Bergan, Coon and Halpern, JJ., concur; Gibson, J., taking no part.