Samuel W. Eager, J.
This motion by defendant to dismiss the complaint herein is made pursuant to subdivision 5 of rule 107 of the Rules of Civil Practice on the ground that the action was not commenced within the time limited by law for commencement of an action upon the particular cause of action pleaded. The action is brought against an attorney to recover damages allegedly sustained by a real property purchaser because of the alleged errors and omissions of the attorney in searching, abstracting and certifying the title to the property.
The defendant (the attorney) on this motion claims that the alleged cause of action is in the nature of one to recover for his negligence and is barred by application of the three-year *822 Statute of Limitations. (See Civ. Prac. Act, § 49, subd. 6.) The plaintiff, however, contends that the cause of action is founded upon a ‘ ‘ contract obligation or liability express or implied ” and governed by the six-year statute. (See Civ. Prac. Act, § 48, subd. 1.) If this latter section applies, the action was timely commenced.
The three-year statute (Civ. Prac. Act, § 49, subd. 6) applies to ‘1 An action to recover damages for an injury to property, or a personal injury, resulting from negligence.” The terms “ an injury to property ” and “ a personal injury ” are defined in the General Construction Law. (See §§ 25-b and 37-a.) Now, bearing in mind the definition of a “ personal injury ” as therein set out (see said § 37-a), it is clear that an action against an attorney or abstracter for errors, omissions, or defects in a title search or title certificate is not an action “ to recover damages for * * # a personal injury, resulting from negligence ”. (See O’Neill v. Gray, 30 F. 2d 776.)
An “ Injury to property ” is defined as “an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract”. (General Construction Law, § 25-b). Negligence of an attorney or abstracter in connection with a title search or certificate resulting in damage to his client or customer may, of course, result in an “ injury to property” within the meaning of the term as defined in said section 25-b, but is not deemed such an injury where the damage occurs because of “ the breach of a contract”.
Where an attorney or abstracter accepts employment to make a search of and to certify as to the title to real property, there is an implied undertaking on his part, in the absence of a contrary or limiting agreement or understanding, that his search and certificate will be accurate and complete. Thus, ordinarily, the attorney or abstracter, undertaking to make a title search and to deliver a title certificate, is liable on the theory of breach of contract where there are damaging errors or omissions in his search or certificate. It is, in fact, authoritatively said that the liability of an abstracter for damages for injuries resulting from wrongful or negligent errors, defects or omissions in abstracts prepared or furnished by him “is not in tort, but is contractual, that is to say, it is founded upon a breach of his express or implied contract with his customer or client to furnish him with a true and correct abstract ’ ’. (1 C. J. S., Abstracts of Title, § 11, p. 389.)
The amended complaint here before the court is rather inartistically drawn, but, giving to plaintiff the benefit of every *823 fair inference and intendment arising therefrom, a cause of action for breach of contract may be spelled out. The amended complaint does allege in effect that there was an employment by the plaintiff of the defendant to search and examine in a skillful and workmanlike manner the title to the real property to determine whether or not the title of a proposed grantor thereof was good and whether or not there were defects therein; and, it is further alleged that the defendant certified the title to plaintiff and that, in the defendant’s certification of the title to plaintiff, he omitted to show an outstanding dower interest. Though the complaint does not expressly allege that the defendant impliedly undertook to make a complete and accurate title search and certificate, a reading of the complaint as a whole leads to the inference that such an undertaking on the part of the defendant was implied. This being so, there would be an implied agreement in the nature of one “ to obtain a specific result, or to assure the effect of the legal services rendered ” and the six-year statute applies. (Glens Falls Ins. Co. v. Reynolds, 3 AD 2d 686.) The fact that plaintiff alleges that the defendant failed to search and examine the said title in a professional, skillful and workmanlike manner ” does not necessarily serve to label the complaint as one stating a cause of action in negligence since it is frequent in breach of contract actions involving the rendition of services for a plaintiff to allege that the services were unworkmanlike and unskillful (Robins v. Finestone, 308 N. Y. 543, 547.)
The conclusion is reached that the amended complaint here, liberally construed, shows a cause of action for breach of contract, and, therefore, the motion before the court should be and is denied. (Robins v. Finestone, supra; O’Neill v. Gray, supra; Camp v. Reeves, 209 App. Div. 488.) In view, however, of the indefiniteness of the complaint, the determination of this motion is without prejudice to the setting up by defendant in his answer of a defense based on the three-year statute, and without prejudice to a further consideration of the defense following the development of the facts upon the trial. (See Glens Falls Ins. Co. v. Reynolds, supra.)
In fact, the complaint, considered as a whole, is subject to the criticism that it tends to uncertainty and contains much matter unnecessary to a plain and concise statement of a cause of action for breach of contract, and it would be well for the plaintiff to consider the advisability of serving a further amended pleading. It is noted, too, that there is a failure to plead facts setting forth the basis of special damages, if any. *824 If such damages are claimed in an action for breach of contract, the facts furnishing the basis- therefor must be pleaded. (See Keefe v. Lee, 197 N. Y. 68, 71; Orester v. Dayton Rubber Mfg. Co., 228 N. Y. 134; Neverfail Lighter Co. v. Blum, 201 App. Div. 153.)
Settle order on notice.