Reid S. Motile, J.
This is an application for an order granting a summary judgment to the defendant dismissing plaintiff’s complaint under rule 113 of the Rules of Civil Practice.
On June 8, 1956, plaintiff suffered personal injuries near Ogdensburg, New York, while in an automobile owned by Thomas Holihan of Lakewood, Ohio. Holihan was insured with the defendant. Under the terms of its policy, it, among other things, agreed to pay any person injured while in the automobile of Holihan all expenses incurred for medical care and treatment up to $500. There is no question of Holihan being covered at the time and place that the accident happened.
The defendant moves on the affidavit of Thomas Holihan which states, in detail, the circumstances under which he loaned his car to Raymond Finohr on June 8, 1956. In his affidavit he covers all of the circumstances surrounding the loan of the car.
Defendant in its moving papers also relies on an affidavit of Raymond Finohr in which he states that the car was loaned to him by Holihan. He further states that he and Farrell went into town to buy a case of beer. He states that he went into a store leaving Farrell in a passenger seat and that upon his return, the car was gone.
It further appears from Finohr’s affidavit that Farrell took Holihan’s car and while driving it, collided with a tree. It appears in both the affidavits of Holihan and Finohr that Farrell was not given permission to operate the car. Holihan says that he did not permit Farrell to operate his car on this or any other occasion and that if Farrell had asked for such permission, it would have been denied because, among other reasons, Farrell did not have a license to operate an automobile. *461 Finohr’s affidavit also sets forth the same reason for not giving Farrell permission to operate the ear.
The plaintiff in its opposing papers sets forth no evidentiary facts. Plaintiff states “I was riding in the automobile of the said Thomas Holihan with his knowledge and consent and with the knowledge and consent of one Raymond Finohr.” Plaintiff relies on these conclusions alone.
Upon a motion for a summary judgment the opposing party must, upon a proper showing in the moving papers, present evidentiary proof by affidavit that he has a good cause of action or defense to require a trial of the issues presented by the pleadings. An affidavit merely repeating the allegations of the complaint or answer as the case may be is insufficient to defeat the motion. (Pribyl v. Van Loan & Co., 261 App. Div. 503, 504, affd. 287 N. Y. 749; O’Meara Co. v. National Park Bank, 239 N. Y. 386, 395; White v. Merchants Despatch Transp. Co., 256 App. Div. 1044; Norton v. Clark & Son, 144 N. Y. S. 2d 245, 248, Sup. Ct. N. Y. Co. [1955]; Bertolf Bros. v. Leuthardt, 261 App. Div. 981; see, also, Circle Floor Co. v. Totonelly Sons, 282 App. Div. 179, 182; Anderson v. City of New York, 258 App. Div. 588, 591.)
Plaintiff in his memorandum of law maintains that an order for summary judgment cannot be granted because the defendant does not state “ that there is no defense to the action or that the action has no merit. ’ ’
Under rule 113 of the Rules of Civil Practice as it existed prior to the amendment of March 1, 1959, there are cases supporting plaintiff’s contention. In Universal Credit Co. v. Uggla (248 App. Div. 848), a summary judgment order was reversed because the moving affidavits contained no allegation to the effect that the plaintiff believed that there was no defense to the action. The sufficiency of the affidavits in other respects was not passed on.
However, since that time, rule 113 has been amended effective March 1, 1959. Subdivision 2 provides “ and it must show that there is no defense to the action or claim or that the action or claim has no merit, as the case may be.” There is now no requirement that the moving* party must set forth his belief that the other party has no defense or that the action has no merit. Apparently, it is enough if he sets forth facts from which such conclusion may be drawn.
An order for summary judgment may be entered accordingly, with costs.