Matthew M. Levy, J.
The defendants have moved to declare that the amended complaint be deemed abandoned for failure to file pursuant to demand (-Civ. Prac. Act, § 100), or, in the alternative, to dismiss as being in violation of the order of the court requiring the service of an amended complaint in which each cause of action shall be separately stated and numbered as to each plaintiff, to dismiss the third cause of action for insufficiency (Rules Civ. Prac., rule 106, subd. 4) and to strike certain paragraphs as irrelevant, unnecessary and prejudicial (Rules Glv. Prac., rule 103).
Heretofore, on June 5, 1.959, this court (Epstein, J.) dismissed the original complaint, pursuant to rule 90 of the Rules of Civil Practice, and directed the service of an amended complaint in which plaintiffs should separately state and number each cause of action therein, namely:
“ a. Plaintiff Alan F. McHenry’s statement of his alleged cause of action for specific enforcement of the alleged agreement of June 19, 1958;
*543 “ b. Plaintiff Maria Pia McHenry’s statement of her alleged cause of action for specific enforcement of the alleged agreement of June 19, 1958;
“ c. Plaintiff Alan F. McHenry’s statement of his alleged cause of action for specific enforcement of the alleged agreement of October 3,1958;
“ d. Plaintiff Alan F. McHenry’s statement of his alleged cause of action for specific enforcement of the alleged agreement of December 16, 1958.”
The amended complaint, subsequently served (and which, according to plaintiffs’ brief, appears to have been filed on July 8, 1959), does not conform to the specific directions of my learned colleague, as it combines in the first cause of action the claims of both plaintiffs. Plaintiffs contend that they have a single joint cause of action as to the June 19, 1958 agreement, and that they should therefore be permitted to plead it jointly in a single cause of action. However, in view of the specific directive contained in the basic order — that, the causes be separately stated as to each named plaintiff in four separate counts — the amended complaint as served is not acceptable, at least at nisi prius. For, in this court, the law of the case has been made on this issue (Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308).
The defendants’ motion to dismiss is granted, with leave to plaintiffs to serve a further amended complaint, in compliance with the prior order of the court, within 20 days after service of a copy of this order with notice of entry. By reason of the foregoing determination, it is not necessary, at this time, to consider the other branches of the motion. Of course, this disposition is without prejudice to an application by plaintiffs (if they be so advised and the prior proceedings warrant) to resettle the order upon which defendants ’ present motion is based.*

 Perhaps, reference is appropriate here to Silverman v. Rogers Imports (4 Misc 2d 672, 673-674) and Grobman v. Freiman (3 Misc 2d 656, 659),