Per Curiam.

Issues were presented in respect of the alleged payment by defendant and whether or not there was in fact an accord and satisfaction. Moreover, the prohibition of section. 347 of the Civil Practice Act applies to evidence in affidavits on a motion for. summary judgment as well as to testimony upon a trial (Ditkoff v. Prudential Sav. Bank, 245 App. Div. 748). But it has been held that on a motion for summary judgment, matter which might be excluded on a trial pursuant to section 347 of the Civil Practice Act may nonetheless be considered in determining whether a triable issue exists to defeat the motion (Bourgeois v. Celentano, 10 A D 2d 824). The defendant seeks to do more than just raise a triable issue so as to defeat plaintiff’s cross motion for summary judgment. He urges affirmative summary judgment upon his counterclaim as well as dismissal of plaintiff’s complaint. It would appear anomalous to permit defendant’s summary judgment upon his counterclaim upon affidavits containing alleged facts which would be inadmissible at a trial by reason of section 347 of the Civil Practice Act.
■ The" order denying plaintiff’s cross motion for summary judgment should be affirmed, without costs.
The judgment, and order dismissing plaintiff’s complaint and directing judgment for defendant on his counterclaim should be *638 reversed, with $10 costs to plaintiff, and defendant’s motion denied.
Concur — Hecht, J. P., Steuer and Timer, JJ.
Order affirmed, etc.
Judgment and order reversed, etc.