Matthew M. Levy, J.
The plaintiff sues to recover damages for the alleged failure of one Eichel, an attorney, to fulfill his duties as attorney to the plaintiff, his client, and to carry out the instructions of the plaintiff in securing for him first mortgages on certain parcels of realty. Eichel died before this action was instituted, and the plaintiff has directed his suit against the attorney’s estate.
In his complaint, the plaintiff alleges two causes of action growing out of the purported agreements between the plaintiff and Eichel, each with respect to one of the properties. The plaintiff alleges that Eichel advised him to make the loans, and that the plaintiff agreed to do so, and that he retained Eichel as his attorney to make the requisite preparations and perform the legal services in securing the first mortgages. The plaintiff alleges further that Eichel was negligent in failing to obtain and record a subordination agreement to the existing first mortgages, in failing to obtain a release from all other incumbrances on the property, and in failing to procure mortgage insurance. The plaintiff’s damage stems from the fact that the owner mortgagor became insolvent and foreclosure actions by prior lienors are pending against the properties. The defendant moves for partial summary judgment, pursuant to rules 113 and 114 of the Buies of Civil Practice, to dismiss the plaintiff’s cause and claim of negligence on the part of the deceased in his professional capacity as an attorney.
There are some undisputed facts which can be gleaned from the submitted papers. Two mortgages, each in the face amount of $14,000, were executed on adjoining properties in New York City — 458 and 460 West 23rd Street — one recorded in October, 1956, the other in May, 1957. Copies of these documents are not among the papers, but the defendant’s counsel, after personal inspection of the recorded instruments, states that the mortgages were made by Li-Bet Bealty Corporation, signed by Eichel, as president, and run to Charles Lindner, the plaintiff, and were returned to the plaintiff by the Begister after recordation. Two bonds were executed by Eichel personally, as obligor, to the plaintiff, as obligee, guaranteeing two $14,000 mortgages and the notes of Li-Bet. The first of the guaranties was executed on October 3, 1956, the second on November 15, 1956. On October 9, 1956, Eichel wrote the plaintiff, acknowledging *842 the receipt of a total of $14,000 and assuring him that negotiations surrounding the procuring of a first mortgage on 458 West 23rd Street would soon be complete. When the plaintiff did not receive the payments due under the mortgages, he learned that he had not become the first mortgagee, but that there were unpaid city real estate taxes from the years 1955 to 1959, and that one Guenther was still the first mortgagee in the principal sum of $6,000, in that she had not duly subordinated her mortgage to that of the plaintiff.
By assignment, recorded February 3, 1960, the plaintiff assigned his interest in the mortgages to Charles Sommers. In 1960, involuntary bankruptcy proceedings were instituted against Eichel in the United States District Court, and the plaintiff filed a claim therein for $62,232 against Eichel for loans allegedly made by him to Eichel from 1954 through 1958, totaling that amount, the above-mentioned guaranties being listed as partial security for such indebtedness. In the present complaint the plaintiff claims a loss of $16,500 on his sale of the mortgages to Sommers, a loss occasioned by Eichel’s negligence in procuring a contracted-for result.
The defendant, in her answer, denied certain material allegations and interposed three affirmative defenses: (1) that the action is barred by the three-year Statute of Limitations; (2) that the plaintiff’s claim has been discharged in the bankruptcy proceedings; and (3) that the plaintiff has assigned his interest and is therefore not a proper party. I shall discuss first the latter two defenses.
The contention that the plaintiff’s claim has been discharged in bankruptcy has no substance, for the record discloses that the claim was expunged by order of the Referee in bankruptcy. The further contention that, since the plaintiff transferred the mortgages, he is left without a cause of action is equally invalid, at least, on a motion for summary judgment, for such transfer, it appears, was made by the plaintiff after discovery of the alleged breach of duty affecting the value of the mortgages and they were sold by the plaintiff to minimize his loss. That does not denude the plaintiff of his cause of action, and the claim in suit remains the plaintiff’s.
Another contention made by the defendant is that the deceased had acted, in respect of these transactions, not as a lawyer for the plaintiff, but in his personal capacity, and was interested therein as president of the contracting corporate party. The essence of the argument that there is no triable issue on this point as to Eichel’s negligence as an attorney is that he was obviously and consistently acting as president of Li-Bet Cor *843 poration and not as plaintiff’s attorney. The defendant points out that Eichel signed the mortgages as president of the corporation and signed the collateral bonds personally, and that such conduct would be inconsistent with his role as attorney. The defendant also contends that when the plaintiff filed for debt in the bankruptcy proceedings, he thus admitted that his claim was on contract against Eichel the businessman, dealing with the plaintiff at arm’s length, and not in negligence against Eichel the attorney, who undertook and owed the plaintiff a professional fiduciary responsibility.
On the other hand, in his personal affidavit opposing the motion, the plaintiff asserts that he did not learn of Eichel’s interest in the transactions here involved until after the agreement was entered into. Moreover, says the plaintiff, the deceased had been his attorney for many years and had represented him in his personal and business affairs and, at times, in relation to matters in which the attorney was himself interested, and that when the parties conducted transactions in which Eichel had a personal interest, it was always with the understanding that they dealt as attorney and client. The plaintiff further states that he received constant assurances from Eichel that he would get his first mortgage, and that he relied upon Eichel, his attorney, in that, as in other respects.
Thus stating and analyzing the submission for and against the motion, it is clear that triable issues have been presented and that the defendant’s application for summary judgment should be denied (Falk v. Goodman, 7 N. Y. 2d 87, 91; Thorp v. Pittsburgh Bicentennial Assn., 22 Misc 2d 233, 234-235). But there is another feature of the case that has not thus far been mentioned which compels further consideration.
Contending that the plaintiff’s claim is, at least in part, in negligence, the defendant asks that so much of the causes of action as are based not on contract but in negligence in the performance of the deceased’s professional capacity as an attorney should be dismissed and severed from the contractual claims of the plaintiff. And the defendant points out that, pursuant to rule 113, there may be dismissal of a “ claim ” of the plaintiff, as distinguished from a cause of action. The language of the rule is correctly stated by the defendant in her argument. A severable portion of a single cause of action may be disposed of on summary judgment (Fleder v. Itkin, 294 N. Y. 77, 84). But the facts and the record in. the ease at bar show that this principle is not applicable.
No doubt there is that an agreement between a lawyer and his client may give rise to an action for malpractice as distinct from *844 one for breach of contract (cf. Carr v. Joseph Lipshie Associates, 8 A D 2d 330). In such case, “ [n]egligence, the basis of the one, is foreign to the other.” (Colvin v. Smith, 276 App. Div. 9.) The client need allege, in the contract action, only that the lawyer has failed to achieve a contracted-for result. On the other hand, it is “ frequent in breach of contract actions involving the rendition of services for a plaintiff to allege that the services were unworkmanlike and unskillful.” (Robins v. Finestone, 308 N. Y. 543, 547.) Likewise, said Mr. Justice Eager, in Registered Country Homebuilders v. Stebbins (14 Misc 2d 821, 822) concerning the professional liability of an abstractor: ‘ ‘ It is, in fact, authoritatively said that the liability of an abstractor for damages for injuries resulting from wrongful or negligent errors, defects or omissions in abstracts prepared or furnished by him ‘ is not in tort, but is contractual. ’ ’ ’
Although, in the ease at bar, negligence is not the gravamen of the compaint, it is my opinion that it is an integral part of the claim in that the attorney has breached his agreement by performing his task in an unskillful manner. The allegations of professional negligence do not, therefore, constitute a severable ‘1 claim ” or “ cause of action ’ \ Moreover, the defendant has heretofore moved for judgment on the pleadings upon the ground that the action, being one for negligence, was barred by the three-year Statute of Limitations (Civ. Prac. Act, § 49, subd. 6). The court denied the motion, stating that “ [wjhile there are allegations of negligent and unskillful work, nevertheless, the claim is based upon alleged failure to produce a particular contracted result and, in such event, the action is on contract and the limitation is six years. ’ ’ That is the law of the case, so far as I am concerned (Fried v. Lakeland Hide & Leather Co., 14 Misc 2d 305, 308; McHenry v. Kieth, 21 Misc 2d 542, 543; Sorin v. Shahmoon Inds., 30 Misc 2d 429, 435).
It is the plaintiff’s basic allegation that the deceased did not produce an agreed result. Proof of failure to do so will entitle the plaintiff to recovery, regardless of the manner in which the failure occurred. In the event that the plaintiff fails to prove the alleged special contract, but proves negligence only, such claim so proved will be unenforcible by reason of the three-year Statute of Limitations. In the present posture of the case, however, dismissal of a claim in negligence may not be had since such claim is not tendered. Thus, while pursuant to rule 113, there may be dismissal of merely a claim of the plaintiff, even though it is not an entire cause of action, yet, since the causes in the present complaint are in contract, and no separate claim in negligence is made by the plaintiff or may now be advanced, *845 the defendant’s motion must he denied. As pleaded, the allegations of professional negligence form a uonseverable part of the claim for breach of contract.
In view of the state of the record before me, there are two observations, I think, which should be made before I close this opinion:
(1) There is no affidavit submitted by the defendant in support of her motion for summary judgment. There is no proof one way or the other as to whether she has any personal knowledge of the subject matter of the action. Of course, Eichel, being now deceased, his lips are closed and his pen is stilled. Thus, no supporting affidavit could be expected to have been submitted by him. But there is no indication by the moving party that there is no one available to her who does have knowledge of the facts as to the relationship and transactions between the deceased and the plaintiff (cf. Favole v. Gallo, 263 App. Div. 729, affd. 289 N. Y. 696).
The moving affidavit is not made by one who participated in any of the transactions here involved, but by the defendant’s present counsel who alleges merely a familiarity ‘ ‘ with all the pleadings and proceedings heretofore had herein,” and who submits only (insofar as the facts are concerned which arose prior to the instant suit) documentary proof of the collateral bonds signed by Eichel and of the proof of claim filed by the plaintiff in the bankruptcy court. Does such proof satisfy the requirements of rule 113 that an application for summary judgment must be bottomed on an affidavit “by a person having knowledge of the facts ” and that “ it must recite all the material facts ” and “must show that * * * the action or claim has no merit”1? The former requirement — that the moving affidavits include an averment by the moving party that it is his “belief” “ that the action has no merit” (Universal Credit Co. v. Uggla, 248 App. Div. 848) is no longer imposed, but there still remains the provision that there must be submitted an affidavit “by a person, having knowledge of the facts ”, “ showing ” that “ the action or claim has no merit ” (see new rule 113, eff. March 1, 1959; Farrell v. Shelby Mut. Ins. Co., 18 Misc 2d 459, 461).
An affidavit solely by the attorney for the moving party is generally insufficient to compel the adversary to come forward to show the facts in opposition (Lehman, J., in Davison Coal Co. v. Interstate Coal & Dock Co., 193 N. Y. S. 883). But an attorney’s affidavit based upon documentary proof in his possession may be sufficient (Henderson v. Van Wagner, 190 Misc. 533; Welsh v. Wootton, 194 Misc. 921). The difficulty with the defend *846 ant’s application in the case at bar is not that the attorney for the deceased’s estate makes the moving affidavit, relying upon documents, but that the documents relied upon do not clearly indicate that the plaintiff’s claim has no merit. From the documents, the defendant’s counsel seeks to draw inferences and to present arguments in support of the defendant’s motion for summary dismissal of the plaintiff’s claim, but the inferences are not those that must necessarily be drawn, and the arguments are not those which are essentially sound.
(2) The opposing affidavit is made only by the plaintiff, who deposes as to personal conversations and transactions with the deceased. Query: Is such proof to be considered by me in view of the provisions of section 347 of the Civil Practice Act, to the effect that 11 [ujpon the trial of an action * * * a party or person interested in the event * * * shall not be examined as a witness in his own behalf or interest * * * against the executor * * * of a deceased person * * * concerning a personal transaction or communication between the witness and the deceased person * * * except where the executor # * # is examined in his own behalf, or the testimony of the * * * deceased person is given in evidence, concerning the same transaction or communication ” ?
There is no doubt that, upon due objection upon the trial, the plaintiff’s proof would ordinarily be rejected (Matter of Sklaire v. Eldridge, 12 AD 2d 386; Matter of Yauch, 270 App. Div. 348, 350, affd. 296 N. Y. 585; Matter of Remlinger, 258 App. Div. 911). However, that does not mean that the proof should be disregarded to defeat a motion for summary judgment. (Bourgeois v. Celentano, 10 A D 2d 824; contra, Ditkoff v. Prudential Sav. Bank, 245 App. Div. 748; cf. Sprung v. Halberstam, 28 Misc 2d 636.)
I make this second observation as a prelude to noting also that the defendant did not — by way of affidavit, argument, brief or otherwise — interpose any objection whatsoever to the competency of the plaintiff as an affiant or the presentation of any of the plaintiff’s proof.