■ ANNE F. ESACK, as Administratrix of the Estate of EDWARD M. FOSTER, Deceased, Appellant, v. EDITH COOK et al., Defendants, and NORMAN COOPER et al., Respondents.— In an action to recover damages *inter alia* for breach of contract, plaintiff appeals from an order of the Supreme Court, Westchester County, dated January 24, 1969, which granted respondents' separate motions to dismiss the amended complaint as to them on the ground that it fails to state a cause of action as to them (CPLR 3211, subd. [a], par. 7). Order modified, on the law, by inserting in the first decretal paragraph thereof, after the words "granted in all respects," the following: "as to defendant Norman Cooper and denied in all respects as to defendant Ernest W. Levey;" and by striking out the second ordering paragraph, which directed dismissal of the first, second and third causes of action in the amended complaint, these being all the causes of action therein against Ernest W. Levey. As so modified, order affirmed, with $10 costs and disbursements to appellant against respondent Ernest W. Levey and with $10 costs and disbursements to respondent Norman Cooper against appellant. In our opinion, the first cause of action in the amended complaint, which is directed against respondent Levey, is sufficient (*Glens Falls Ins. Co.* v. *Reynolds*, 3 A D 2d 686; *Lindner* v. *Eichel*, 34 Misc 2d 840, 844; cf. *Robins* v. *Finestone*, 308 N. Y. 543). It was therefore error to dismiss the entire complaint as to that respondent (*Griefer* v. *Newman*, 22 A D 2d 696). Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ ALLEN M. HOCHSTEIN et al., Appellants, v. ARTHUR WARNER, an Infant, by ROSE DE PASQUALE, His Mother and Natural Guardian, et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated June 19, 1968, which denied their motion for summary judgment. Order affirmed, with one bill of $10 costs and disbursements, payable jointly to respondents filing separate briefs. The facts herein are clearly distinguishable from *Whitely* v. *Lobue* (30 A D 2d 552, revd. 24 N Y 2d 896) and thus summary judgment was properly denied. Brennan, Acting P. J., Hopkins, Benjamin, Martuscello and Kleinfeld, JJ., concur.