■ LILLIAN KATZMAN, Respondent, v GEORGE KATZMAN, Appellant. — In a matrimonial action, defendant appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated October 22, 1980, which awarded plaintiff a counsel fee of $5,000. Order modified, on the facts, by reducing the counsel fee to $3,500. As so modified, order affirmed, without costs or disbursements. The counsel fee was excessive to the extent indicated. Gulotta, J.P., Margett, Weinstein and Thompson, JJ., concur.

■ ELEANOR C. KELLER et al., Appellants, v JAMES C. BARRY, Respondent. — In an action to recover damages, *inter alia,* for legal malpractice, plaintiffs appeal from an order of the Supreme Court, Nassau County (Robbins, J.), dated September 9, 1980, which (1) granted defendant's motion for summary judgment in his favor, and (2) denied plaintiffs' cross motion for partial summary judgment. Order modified, on the law, by deleting the first and third decretal paragraphs and substituting therefor provisions (1) granting the defendant's motion for summary judgment as to the first cause of action only and (2) dismissing said cause of action. As so modified, order affirmed, without costs or disbursements. It is clear that because the notice requirements of section 6-628 of the Village Law had not been satisfied, plaintiffs would not have been successful in their cause of action against the Village of Freeport even had their attorney (defendant) acted to serve a timely complaint (see *Zidel v Village of Freeport,* 63 AD2d 672). Accordingly, plaintiffs cannot prevail in their cause of action against the defendant predicated on the alleged failure to do so (see *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy & Levine,* 45 NY2d 730). However, questions of fact still exist regarding the reasonableness and the adequacy of the advice given to plaintiffs by the defendant attorney regarding the alleged offer of settlement by the village. Summary judgment is therefore precluded on the plaintiffs' second cause of action (see *Ugarriza v Schmieder,* 46 NY2d 471; *Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439), which, although denominated a cause of action for breach of contract, appears to fall more clearly within the classical definition of legal malpractice (see, e.g., *Glens Falls Ins. Co. v Reynolds,* 3 AD2d 686). Damiani, J.P., Gulotta, Margett and Bracken, JJ., concur.