CHARLES M. CAMP, as Executor of ELLEN ·P. KELLOGG, Deceased, Appellant, *v.* ALFRED G. REEVES et al., Individually and as Copartners under the Firm Name of REEVES, TODD & SWAIN et al., Respondents, Impleaded with Others.

ETHEL T. KELLOGG, as Executrix of JOHN P. KELLOGG, Deceased, Appellant, *v.* ALFRED G. REEVES et al., Individually and as Copartners under the Firm Name of REEVES, TODD & SWAIN et al., Respondents, Impleaded with Others.

ALVA E. BELMONT, Appellant, *v.* ALFRED G. REEVES et al., Individually and as Copartners under the Firm Name of REEVES, TODD & SWAIN et al., Respondents, Impleaded with Others.

*Limitation of actions — attorney and client — failure by attorneys to inform client of facts knowledge of which might have prevented loss — action not brought within six years thereafter barred by Statute of Limitations.*

*Camp* v. *Reeves,* 209 App. Div. 488; *Kellogg* v. *Reeves,* 209 App. Div. 496; *Belmont* v. *Reeves,* 209 App. Div. 497, affirmed.

(Argued May 12, 1925; decided June 9, 1925.)

APPEAL, in each of the above-entitled actions, from a judgment entered June 12, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which reversed an order of Special Term denying a motion of defendants, respondents, for a dismissal of the complaint as to them and granted said motion. The actions were brought to recover for failure of defendants, respondents, attorneys at law, to inform plaintiffs who, in various capacities, were their clients as to the theft, dishonesty and criminality of a partner, whereby the plaintiffs suffered loss. The Appellate Division held that the actions were barred by the Statute of Limitations.

*Vincent H. Rothwell, George Gordon Battle, Harold Harper* and *Albert C. Rothwell* for appellants.

*Frederick Collin* for respondents.

Judgment in each case affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

THOMAS E. MOORE, Appellant, *v.* VAN BEUREN AND NEW YORK BILL POSTING COMPANY, Respondent.

*Negligence — proximate cause — destruction of property on land from fire communicated from one negligently started several lots away.*

. *Moore* v. *Van Beuren & N. Y. Bill Posting Co.,* 208 App. Div. 352, affirmed.

(Argued May 13, 1925; decided June 9, 1925.)

APPEAL from a judgment, entered May 22, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was to recover for the destruction of property upon plaintiff's land by fire alleged to have been communicated to such property from one negligently started by defendant's employees. It appeared that between the plaintiff's lot and the point . where it is claimed the fire was started there intervened several other lots owned by different people and a street. The Appellate Division held that defendant was not liable for the injury to plaintiff's property, the origin of the fire being too remote.

*Mark Goldberg* and *Louis Kunen* for appellant.

*George L. Hubbell, Jr.,* and *Daniel S. Murphy* for respondent.

Judgment affirmed, with costs, on opinion of MERRELL, J., below.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN and ANDREWS, JJ. Dissenting: CARDOZO, CRANE and LEHMAN, JJ.

43