AMERICAN EXCHANGE PACIFIC BANK, Plaintiff, *v.* ——
TOUCHE and Others, Defendants.

Supreme Court, New York County, June 22, 1927.

**Limitation of actions — malpractice — malpractice action arising from injury to property is not barred by two-year Statute of Limitations (Civil Practice Act, § 50) — six-year statute (Civil Practice Act, § 48) applies.**

These actions to recover damages for malpractice, arising from injuries to property, predicated upon an alleged incorrect audit by defendants, accountants, are not barred by the two-year Statute of Limitations, and affirmative defenses, setting up that statute (Civil Practice Act, § 50) must be stricken out.

The two-year Statute of Limitations is only applicable in those cases of malpractice which involve injury to the person.   The six-year statute (Civil Practice Act, § 48) applies.

ACTION to recover damages caused by alleged malpractice by the defendants, public accountants.   There are five actions by different plaintiffs against the same defendant.

*Cardozo & Nathan,* for the plaintiff American Exchange Pacific Bank.

*Root, Clark, Buckner, Howland & Ballantine,* for the plaintiff Equitable Trust Company.

*Charles J. Lane,* for the plaintiff Chemical National Bank.

*Griggs, Baldwin & Baldwin,* for the plaintiff Federal International Banking Company.

*Hirsch, Sherman & Limburg,* for the plaintiff Ultramares Corporation.

*Guggenheimer, Untermyer & Marshall,* for the defendants.

PETERS, J.   These are actions to recover damages for injury to property.   Section 48 of the Civil Practice Act prescribes that such an action must be commenced within six years after the cause of action has accrued, except in a case where a different period is expressly prescribed.   The causes of action are based upon an alleged incorrect audit by the defendants, a firm of accountants, of the accounts and records of a third party, the preparation therefrom of a balance sheet purporting to show the financial condition of the business of such party, and the certification of the correctness of the same over defendants' signature.   Each of defendants' answers pleads an affirmative defense setting up the two-year Statute of Limitations under the provisions of section 50 of the Civil Practice Act, upon the theory that each of the actions is for damages caused by alleged malpractice of the defendants. The two-year Statute of Limitations has only been applied in those cases of malpractice which involved injury to the person. The court has refused to apply this statute in a malpractice action involving injury to property.   (*Camp* v. *Reeves,* 209 App. Div. 488, 494; affd., 240 N. Y. 672.)   The motion to strike out the affirmative defense in each answer is, therefore, granted.   Orders signed.