FEDERAL INTERNATIONAL BANKING COMPANY, Respondent, *v.* GEORGE A. TOUCHE et al., Copartners under the Firm Name of TOUCHE, NIVEN & Co., Defendants, and JOHN B. NIVEN et al., Appellants.

EQUITABLE TRUST COMPANY OF BALTIMORE, Respondent, *v.* GEORGE A. TOUCHE et al., Copartners under the Firm Name of TOUCHE, NIVEN & Co., Defendants, and JOHN B. NIVEN et al., Appellants.

ULTRAMARES CORPORATION, Respondent, *v.* GEORGE A. TOUCHE et al., Copartners under the Firm Name of TOUCHE, NIVEN & Co., Defendants, and JOHN B. NIVEN et al., Appellants.

*Limitation of actions — malpractice — two years' Statute of Limitations in actions for malpractice — applicable only to misconduct of physicians, surgeons and others practicing similar professions.*

*Federal Int. Banking Co.* v. *Touche,* 222 App. Div. 737, affirmed.
*Equitable Trust Co.* v. *Touche,* 222 App. Div. 737, affirmed.
*Ultramares Corp.* v. *Touche,* 222 App. Div. 737, affirmed.
(Argued March 28, 1928; decided April 13, 1928.)

APPEAL, in each of the above-entitled actions, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered December 23, 1927, which affirmed an order of Special Term granting a motion to strike from the answer the affirmative defense of the two years' Statute of Limitations.

The actions were to recover for the alleged negligence of defendants, as public accountants, in auditing accounts and certifying to an inaccurate balance sheet, in reliance upon which plaintiffs advanced money to their damage.

*James Marshall, Louis Marshall* and *Abraham Shamos* for appellants.

*Martin Conboy* and *Edwin N. Moore* for Federal International Banking Company, respondent.

*H. H. Breland, Emory R. Buckner* and *Lowell Turrentine* for Equitable Trust Company of Baltimore, respondent.

*Herbert R. Limburg* and *Lionel S. Popkin* for Ultramares Corporation, respondent.

In each action order affirmed, with costs; question certified answered in the negative. Held, that section 50, subdivision 1, of the Civil Practice Act, in so far as it prescribes a limitation in actions to recover damages for malpractice, refers to actions to recover damages for personal injuries resulting from the misconduct of physicians, surgeons and others practicing a profession similar to those enumerated.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.