Matthew J. Jasen, J.
This is a motion under rule 109 of the Buies of Civil Practice to strike out the defense contained in paragraph fourth of the answer on the ground that the same is insufficient in law. Said paragraph fourth alleged that the complaint was outlawed by reason of the Statute of Limitations as set forth in subdivision 1 of section 50 of the Civil Practice Act in that plaintiff’s complaint was not served within two years of the date of the accrual of the cause of action.
*510 Briefly, the facts appear to be that one Felicia L. Peters was fatally injured in an automobile accident which occurred on June 19, 1955. Subsequently plaintiff was appointed administratrix and retained defendants as attorneys to prosecute the death action. No action was commenced within the statutory period. The present action is predicated on professional dereliction on the part of the defendants in their failure to institute the aforesaid death action within the period of the Statute of Limitations.
Defendants contend that the two-year Statute of Limitations as set forth in section 50 of the Civil Practice Act applies to this action. Plaintiff contends that this is incorrect; that either the three-year or six-year statute applies and that in either event this action was commenced before the three-year Statute of Limitations had run.
Section 48 of the Civil Practice Act refers to actions to be commenced within six years, section 49 within three years and section 50 within two years. The last section, subdivision 1, reads ‘ ‘ An action to recover damages for assault, battery, false imprisonment, malicious prosecution or malpractice.”
There are many decisions holding that the two-year statute applies to doctors and dentists but does not apply to lawyers (infra). Although this court does not believe that such a differentiation should exist, it feels constrained to follow precedent.
In Federal Int. Banking Co. v. Touche (248 N. Y. 517) concerning alleged negligence of defendant accountant, the Special Term Judge said: “ The two-year Statute of Limitations has only been applied in those cases of malpractice which involved injury to the person. The Court has refused to apply this statute in a malpractice action involving injury to property ”. In affirming, the Court of'Appeals said: “section 50, subdivision 1, of the Civil Practice Act, in so far as it prescribes a limitation on actions to recover damages for malpractice, refers to actions to recover damages for personal injuries resulting from the misconduct of physicians, surgeons and others practicing a profession similar to those enumerated.”
In O’Neill v. Gray (30 F 2d 776) in an action against an attorney for his negligent prosecution of an action, the learned Justice Augustus N. Hand said (pp. 778-779): “ An action for malpractice must be commenced within two years after the cause of action has accrued. New York Civil Practice Act, § 50. * * * embracing unskillful or illegal practice by doctors or dentists, which results in physical injuries * * * It is clear * * * that the present cause of action is not to recover for a personal injury * * * The present action is either for a *511 breach of the contract of retainer, or for an injury to property. In either case, section 48 of the Civil Practice Act applies and the period of limitation is six years. ’ ’
In Glens Falls Ins. Co. v. Reynolds (3 A D 2d 686) the court held: “ Carelessness resulting in professional miscarriage, in the absence of agreement to obtain a specific result or to assure against miscarriage, would usually be governed by the three-year Statute of Limitations for negligence. * * * But if there was an agreement to obtain a specific result, or to assure the effect of the legal services rendered, the six-year Statute of Limitations in contract may apply. ’ ’
In Registered Country Homebuilders v. Stebbins (14 Misc 2d 821) in an action against a lawyer for improperly searching a title, the court held that the six-year statute applied.
Counsel for defendants cites Camp v. Reeves (240 N. Y. 672) wherein there is an implication that had the complaint been properly prepared, the two-year statute would apply. In any event Federal Int. Banking Co. v. Touche (supra) postdating this decision, would supersede the same.
The only question before the court is whether section 50 of the Civil Practice Act applies to the case at bar. From the authorities cited it appears well-settled law that section 50 does not apply to attorneys and therefore the defendants’ affirmative defense as set forth in paragraph fourth of the answer is stricken.
Prepare and submit order accordingly.