■ TOBRA KNITTING MILLS, INC., Appellant, v. LEONARD L. HARRIS et al., Respondents.— In an action for a declaratory judgment, plaintiff appeals from two orders of the Supreme Court, Kings County, dated, respectively, June 22,

1960 and July 26, 1960. The first order grants defendants' motion, under rule 106 of the Rules of Civil Practice, to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action; the dismissal, however, being "without prejudice to the commencement of another action when the grounds therefor exist". The second order grants plaintiff's motion for reargument and adheres to the original decision. The complaint alleges that defendants, acting as plaintiff's insurance brokers, obtained a liability insurance policy for plaintiff but failed in their duty to provide adequate and proper liability insurance for plaintiff; that by reason of defendants' breach of their duty the insurance carrier, after the occurrence of an accident resulting in death and after the commencement of an action against plaintiff to recover damages for such death, disclaimed liability under the policy; and that, if in the death action judgment be recovered against plaintiff and if it be determined in the subsequent controversy between plaintiff and the insurance carrier that the carrier is not liable under the policy, then and in those events plaintiff should have judgment against defendants for the amount of the judgment in the death action not exceeding $50,000, together with the reasonable counsel fees incurred by plaintiff. Plaintiff contends that this action against its brokers is properly brought now, because if it waits until the determination of the death action and the determination of the insurance carrier's liability under the policy, this action will have been barred by the Statute of Limitations. In granting defendants' motion to dismiss the complaint herein for legal insufficiency, Special Term held that there is no present justiciable issue presented to the court requiring a determination; that the court will not, by means of a declaratory judgment, render advisory opinions to litigants; that the action is premature; and that the complaint should be dismissed without prejudice to the commencement of another action when the grounds therefor exist. Order of July 26, 1960, affirmed, with $10 costs and disbursements (cf. *Prashker* v. *United States Guar. Co.*, 1 N Y 2d 584; *Guardian Life Ins. Co. of America* v. *Graves*, 268 App. Div. 809; *Federal Int. Banking Co.* v. *Touche*, 248 N. Y. 517; *Schmidt* v. *Merchants Desp. Transp. Co.*, 270 N. Y. 287, 300–301). Appeal from order of June 22, 1960, dismissed, without costs, as academic. Such order was superseded by the later order of July 26, 1960. Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ., concur.