Robert J. Trainor, J.
Plaintiff moves for an order striking the amended answer of defendant and for summary judgment pursuant to CPLR 3212.
This is an action by plaintiff against an attorney for damages alleged to have been sustained as a result of defendant’s delivery of an executed document (release of lien) to a third party, in violation of an agreement between piaintiff and defendant. It is alleged that defendant was to have received $3,200 for plaintiff in exchange for the release, which he failed to do.
Defendant interposes general denials and two affirmative defenses, i.e.:
1. Failure to commence the action within three years (Statute of Limitations for malpractice).
2. Release.
In Federal Int. Banking Co. v. Touche (248 N. Y. 517) the Court of Appeals held that the short Statute of Limitations (negligence) only applies to malpractice actions involving injury to the person.
The Federal District Court in O’Neill v. Gray (30 F. 2d 776, cert. den. 279 U. S. 865), held that an attorney-malpractice suit came within the six-year Statute of Limitations rather than the three-year statute because in that case the facts indicated a breach of contract of retainer or an injury to property, and not a personal injury.
The present law in this State holds that in the absence of an agreement to obtain a specific result, carelessness resulting in professional miscarriage would be governed by the three-year *631 statute, otherwise the six-year statute would apply. (Glens Falls Ins. Co. v. Reynolds, 3 A D 2d 686; Peters v. Powell, 22 Misc 2d 509; Lindner v. Eichel, 34 Misc 2d 840.)
The cause of action in the instant case alleges failure to obtain a specific result, therefore, the six-year statute applies and the second affirmative defense is dismissed.
Defendant has failed to substantiate his first affirmative defense (release). The alleged release was oral and without valid consideration, and is therefore dismissed. (Rehill v. Rehill, 306 N. Y. 126.)
The general denials in the answer and by affidavit are the sole remaining opposition to plaintiff’s motion for summary judgment. Although an excerpt from defendant’s examination before trial would indicate that the sum of $3,000 was expected to be received by defendant for plaintiff upon delivery of the release, there is no admission, as such, to the contractual terms alleged in the complaint. It appears that the alleged agreement between the parties with respect to the conditions under which the release was given to defendant by plaintiff must be determined as an issue of fact upon a trial.
The motion for summary judgment is accordingly denied.