Louis G. Bruhn, J.
This is a motion on behalf of the defendant for an order pursuant to CPLR 3211 (subd. [a], par. 5) dismissing the cause of action alleged herein on the ground that *995 the action was not commenced within the time specified in article 2 of the CPLE..
It appears nncontradicted that during April of 1958 the plaintiff engaged the professional services of the defendant, who was duly licensed, to survey a certain piece of real estate owned by him and to lay out the property lines for a proposed building to be erected thereon.
Subsequently certain encroachments were discovered and the plaintiff incurred expenses in their correction which expenses he now seeks to recover in this action.
Since the summons in the instant action was not served until July 22, 1964 the question critical of the disposition of this motion is whether or not the plaintiff’s cause of action is barred as a matter of law by the Statute of Limitations.
Counsel for both parties agree that the Statute of Limitations of three years provided by CPLE 214 (subd. 6) is the term to be applied to this claim of alleged malpractice but disagree on the question of the time when the computation of such period begins.
The defendant argues that the three-year Statute of Limitations begins to run from April, 1958, the time the cause of action accrued, while the plaintiff contends that CPLE 203 (subd. [f]) should be applied and if it is the statute is no bar.
While the plaintiff’s argument has more than a passing emotional appeal it cannot be invoked until the Legislature so decides.
Curiously, it seems that it was generally understood that malpractice referred only to actions “ to recover damages for personal injuries resulting from the misconduct of physicians, surgeons and others practicing a profession similar to those enumerated.” (Federal Int. Banking Co. v. Touche, 248 N. Y. 517, 518; italics supplied.)
As a matter of fact, consistent with such holding, it has been held that the old malpractice Statute of Limitations did not apply to an action against an accountant where the injury claimed was an injury to property rather than personal injury. (American Exch. Pacific Bank v. Touche, 131 Misc. 236.)
The same rule was applied as well in the ease of an attorney. (Registered Country Homebuilders v. Stebbins, 14 Misc 2d 821; Glens Falls Ins. Co. v. Reynolds, 3 A D 2d 686.)
It would appear, however, that the Legislature now intends that all malpractice actions, whether they involve property damage or personal injury, are to be covered by the three-year Statute of Limitations provided for in CPLR 214 (subd. 6).
*996 Such conclusion flows from the fact that there would be no need for a specific reference to “ malpractice ” since under the CPLR statute, actions for personal injury have a three-year statute.
However, the revisers continued the use of the term ‘ ‘ malpractice ” to clarify their intention that “ malpractice involving property damage — e.g., against an accountant — may be based on a contract theory and would otherwise be governed by the six year provision unless specific reference was made.” (Fifth Preliminary Report by Sen. Finance Comm., Relative to Revision of Civ. Prac. Act; N. Y. Legis. Doc., 1961, No. 15, p. 56.)
While the Legislature intended such a change, no change was intended to alter or abondon the rule that the Statute of Limitations in malpractice actions begins upon the commission, and not the discovery of the malpractice as urged by. the plaintiff.
The late Court of Appeals case of Schwartz v. Heyden Chem. Corp. (12 N Y 2d 212, 218-219) affirms such conclusion when in rejecting the “ discovery ” argument it stated:
‘ ‘ The existence of a discovery provision in the fraud statute bespeaks a legislative judgment that only in fraud cases, by their very nature, were there a sufficient number of unknown wrongs to justify a departure from the general rule. * * *. Whatever the policy considerations, the recent amendment of the malpractice statute from two to three years (CPLR 214, subd. 6) makes it clear that the legislative choice was deliberately made in the face of strenuously advocated alternatives. (See 1942 Report of N. Y. Law Rev. Comm., pp. 141-143, recommending a discovery provision with an outside limit of six years. A similar recommendation was made in 1962. See N. Y. Legis. Doc., 1962, No. 65 [C].)
“ It is not without reason that change in this area has been thought by us to be the responsibility of the Legislature.”
See, also, Monko v. St. John’s Queens Hosp. (41 Misc 2d 993) which holds that CPLR 203 ' ‘ is not applicable to malpractice cases and nothing contained in the Civil Practice Law and Rules indicates a purpose to legislate it for application to such cases.”
In view of the foregoing, the motion of the defendant must be and hereby is granted, without costs, and the complaint is dismissed on the merits.