Benjamin Brenner, J.
Brakes & Springs, Inc., named by the defendant Flame Fuel Oil Corp. as an “ additional defendant pursuant to CPLB. 3019 (f) ”, asks that the summons and cross complaint for indemnification served upon it by the said Flame be declared a nullity, it being claimed that the proper procedure against a person not a party, against whom indemnification is sought is that provided by CPLB 1007. I am inclined to agree.
Where a person, not a party, is alleged by a defendant to be liable along with an existing named defendant, it would seem appropriate to proceed under CPLR 3019 (subd. [b]). Under subdivision (d) it is assumed that a counterclaim or cross claim has properly been interposed and said subdivision “ does not expand the persons who are amenable to a counterclaim or a cross-claim” (see 3 Weinstein-Korn-Miller, par. 3019.31). Of course, the real purpose of CPLR 3019 is that there be an adjudication of all cross claims of existing named parties, inclusive of a cross claim against an existing defendant and another not yet sued.
The defendant Flame Fuel Oil Corp. here unilaterally attempts to compel the plaintiff to look to an additional person not heretofore sued — a result not authorized by any statute. Nor was it ever intended by existing statutes to substitute cross claims for third-party suits. Where, as here, the person not a party is sought to be sued as one liable to the named defendant for indemnification, proper impleader requires a third-party suit, such as is authorized by CPLR 1007. This latter procedure requires not only the service of a summons and a third-party complaint, but the service of the pleadings in the main suit as well.
The application is accordingly granted, without prejudice to the defendant Flame Fuel Oil Corp. proceeding in accordance with CPLR 1007.