Anthony J. Ferraro, J.
Defendant, the John T. Balfe Company, moves to dismiss the complaint upon the ground that the action was not commenced within the time limited therefor and to dismiss the cross complaint interposed against it by the codefendant, the Aetna Casualty and Surety Company.
The moving defendant as broker for the plaintiff issued a home owner’s tenant’s policy to her in June of 1968 which covered theft of jewelry up to $1,000 per item. On June 2, 1971, a renewal policy was issued but the jewelry coverage was limited to $250 aggregate. On January 14, 1973, plaintiff’s apartment was burglarized and jewelry valued at $10,000 was taken.
The summons dated August 6, 1974 contains the endorsement that the "action is for damages for breach of contract of insurance and for broker’s malpractice.” The complaint alleges the facts above recited and then states that the moving defendant acted as the agent of the Aetna Casualty and Surety Company and advised the plaintiff that there was no diminution of coverage by the renewal policy and lulled her into believing that she had equivalent protection to the original policy. Plaintiff claims she is entitled to payment pursuant to the provisions of the original policy.
The moving defendant contends that the action is for malpractice and should have been instituted within three years of the alleged malpractice, viz., the date of issuance of the renewal policy without equivalent coverage.
Plaintiff contends: (1) that the Statute of Limitations does not commence to run until the loss is sustained; (2) that the three-year malpractice statute does not apply to brokers; (3) that the action is based upon contract and is controlled by the six-year Statute of Limitations; (4) that the action falls within the category of an action for which no limitation is specifically prescribed and therefore the six-year statute applies (CPLR 213); and (5) that the time should be computed from the actual or imparted discovery of the facts which were not discovered herein until after the loss. (CPLR 203, subd [f].)
*722 The defendant, the Aetna Casualty and Surety Company, opposes the motion to dismiss the cross complaint arguing that the defense of Statute of Limitations is not alleged and does not exist as against it.
The essence of an action and not its name is determinative of which Statute of Limitations is applicable. (Alyssa Originals v Finkelstein, 22 AD2d 701, affd 24 NY2d 976.) The gravamen of the complaint herein is that the moving defendant was guilty of misconduct upon issuance of the renewal. Malpractice has been defined as wrong practice or conduct in a fiduciary, official or professional position. Recovery for such wrongful acts has not been limited to doctors, lawyers and accountants. In Seger v Cornwell (44 Misc 2d 994), the court considered a malpractice action against a surveyor and concluded that the three-year statute applied. The court went on to state that it was the legislative intention that all malpractice actions whether involving personal injury or property damage are to be governed by the three-year statute pursuant to CPLR 214 (subd 6).
This court cannot agree with plaintiffs contention that this action is based upon contract. There can be no recovery for the total loss of the jewelry under the insurance contract because it only allows recovery of $250. It is the failure to issue a proper contract which forms the basis of the lawsuit and such basis sounds in misconduct or malpractice, not contract.
The argument that the statute does not commence to run until the loss occurs and the misconduct is discovered cannot be sustained. The alleged misconduct could have been discovered upon the issuance of the renewal. The extent of theft coverage for jewelry was contained within the four corners of the policy itself delivered to plaintiff. The cause of action therefore accrued when the alleged misconduct was committed in full view of the plaintiff. (Seger v Cornwell, supra.) Since this action was not commenced within three years of the alleged malpractice, it is time-barred and dismissed as to defendant, the John T. Balfe Company.
The cross complaint of the Aetna Casualty and Surety Company is based upon the presence of the John T. Balfe Company as a party to the action. Since this defendant has now been removed from the action, the cross complaint cannot stand and the motion to dismiss it is likewise granted. The proper procedure is the institution of a third-party suit in a *723 situation such as is here present when a party to an action claims that a nonparty is responsible either to the plaintiff or the named party defendant. (Lynch v Flame Fuel Oil Corp., 53 Misc 2d 535.)
Motion granted.