■ DAVID BONANNO et al., Respondents-Appellants, v CLAUDE BRADT, Appellant-Respondent. — Cross appeals and appeal (1) from a judgment of the County Court of Fulton County in favor of plaintiffs, entered August 18, 1980, upon a verdict rendered at Trial Term (Best, J.), and (2) from an order of said court, entered August 20, 1980, which denied defendant's motion to set aside the verdict. Plaintiffs engaged defendant to drill a well on property where they ultimately built a home. Defendant's first attempt did not meet with success. On the second attempt, he struck water at a depth of 71 feet. In August, 1977, defendant certified, pursuant to the requirements of plaintiffs' bank, that this second well produced a flow of seven gallons per minute after four hours of pumping. Plaintiffs' house was completed in August, 1978 and the water

produced from the well was not potable but rather was black and full of silt. Plaintiffs requested defendant to remedy the situation but he did not do so. Plaintiffs then engaged another individual who dug a third well and obtained potable water at 171 feet. Plaintiffs paid him $2,932.50 for his services. The instant action was commenced asserting causes of action for (1) breach of contract, (2) breach of express warranty, (3) negligence, and (4) breach of implied warranty of fitness for a particular purpose. This last cause of action was dismissed at the close of plaintiffs' case. The jury found no liability on the first and second causes of action but found defendant to be negligent under the third cause of action and awarded plaintiffs $2,200 which included a reduction of $700 for plaintiffs' comparative fault. The court denied defendant's CPLR 4404 motion to set the verdict aside. These appeals ensued. Defendant initially contends that the court erred in denying his motion to set the verdict aside. We disagree. In considering such a motion, the court must consider the facts in the aspect most favorable to plaintiff and must also afford plaintiff the benefit of every favorable inference that can be reasonably drawn from the evidence (*Hunter v Ford Motor Co.*, 37 AD2d 335). To grant such a motion based on the insufficiency of the evidence, the court must conclude that there is no valid line of reasoning and permissible inferences which could lead rational men to the jury's conclusion on the basis of the evidence presented (*Cohen v Hallmark Cards*, 45 NY2d 493). Applying these principles to the instant case, we are of the opinion that there is ample evidence to justify the jury's determination that defendant was negligent. Specifically, the jury could properly conclude that defendant was negligent in failing to adequately clear the well and in failing to drill deeper. We are also of the view that the court correctly dismissed plaintiffs' fourth cause of action based on implied warranty of fitness for a particular purpose. Even though the drilling of the well involved the installation of metal casing, it was not a sales-service contract sustainable under the implied warranty theory. The record demonstrates that plaintiffs' case was focused on defendant's conduct in the performance of services and was not one based upon the sale of materials (*Milau Assoc. v North Ave. Dev. Corp.*, 42 NY2d 482). Concerning the jury's verdict on the first and second causes of action, we cannot conclude on the present record that any fair interpretation of the evidence would preclude such a finding and, therefore, setting aside of such verdict is not justified (*Lincoln v Austic*, 60 AD2d 487). We also reject plaintiffs' contention that it was improper to find culpability on their part since defendant did not plead it. The record reveals that the court nevertheless charged it and plaintiffs failed to except to the charge thus waiving this objection (*Lech v Conny*, 55 AD2d 828). We have considered all other arguments urged by the parties and find them unpersuasive. The judgment and order should be affirmed. Judgment and order affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.