*690 OPINION OF THE COURT
W. Bromley Hall, J.
In this action sounding in tort, defendant seeks dismissal of the complaint pursuant to CPLR 3211 (a) (1) and (7) on the grounds that it is barred by documentary evidence and it failed to state a cause of action upon which relief can be granted.
The events that give rise to this action involve the defendant performing landscaping services, including the providing of plants for plaintiff’s property. In the agreement between the parties the defendant was to plant three new trees, including one purple beech tree. The original landscaping project was complete on July 19, 1990, but defendant continued to provide lawn and tree service. It appears that the purple beech tree did not grow well and plaintiff notified defendant of the lack of growth both in the summer of 1991 and 1992. In March 1993, the tree was diagnosed with a fungal canker. Defendant, for consideration, performed a surgical procedure, but the tree died. Plaintiff argues that the cause of the demise was a wound caused by cables used to lift the tree during the transplanting process.
Plaintiff’s complaint states six causes of action against defendant: the first four sounding in negligence, the fifth for breach of warranty and the sixth for breach of implied warranty. Defendant seeks dismissal arguing that there is no cause of action in tort for this situation relating to the first four causes of action and that a disclaimer in the parties’ contract bars the fifth and sixth causes of action.
It is clear that where the situation involves no abrupt occurrence but in fact is essentially an enforcement of the bargain, there is no tort action. (Clark-Fitzpatrick, Inc. v Long Is. R. R. Co., 70 NY2d 382, 389 [1987].) Or, in other words, a useful tool for analysis is review of the nature of the injury, the manner in which the injury occurred and the resulting harm. (Bellevue S. Assocs. v HRH Constr. Corp., 78 NY2d 282, 293 [1991].) Defendant has established that the first four causes of action are essentially contract. Therefore, if that was the only analysis, defendant would be entitled to relief.
However, as an alternative, plaintiff argues that defendants are professionals, and the claims are for malpractice. Malpractice does occur when one undertakes to render services in the practice of a profession or trade. (Restatement [Second] of Torts § 299 A.) At least one court has found that a *691 landscaper can be held for malpractice. (Wessel v Erickson, 711 P2d 250 [Utah 1985].) Moreover, New York courts have expanded the area of malpractice beyond physician, dentist, pharmacist, attorney, accountant and engineer. (See, Van Ness v Aetna Cas. & Sur. Co., 91 Misc 2d 720 [Sup Ct 1977] [insurance broker]; Seger v Cornwell, 44 Misc 2d 994 [Sup Ct 1964] [surveyor].) Although the court understands that New York cases involve entities that have a license, professionalism does include those with special knowledge. (Webster’s Ninth New Collegiate Dictionary.) Defendant’s letter of March 25, 1993 which discusses "surgically cleaning the wound” of the tree and "applying fertilizer, adjusting the soil pH, adding B complex, other trace elements and hormones” clearly indicates special knowledge. Moreover, defendant’s letter of April 14, 1993 designates defendant’s employee as "our tree surgeon-pathologist” and indicates his diagnosis. Clearly defendant is a professional service provider.* In the alternative, the Restatement clearly includes skilled trades, which would include defendant. Consequently, the first four causes of action survive the motion to dismiss.
With respect to the effect of the disclaimer on the fifth and sixth causes of action, the situation does not involve the sale of goods, but involves a sales/service contract. (See, Bonanno v Bradt, 86 AD2d 941 [1982]; cf., Goldfarb v Teitelbaum, 149 AD2d 566 [1989].) Consequently, there is no breach of implied warranty and the sixth cause of action must be dismissed. (Bonanno v Bradt, supra.) However, with respect to the express warranty, there are factual issues whether defendant honored it, in light of the plaintiff’s communications. Consequently, the fifth cause of action withstands review.

 It is difficult to believe that defendant would desire the court to find otherwise.